## John P. Clark v. The Lake St. Clair and New Up-River Ice Company.

*Trespass: Damages: Ice-house.* Damages for the value of an ice-house for the season, according to its capacity for storing ice, are not improper, where it has been destroyed by wilful trespass so as to lose the season's use. As it can only be filled at one part of the year, its value cannot be estimated in the same way as that of premises available at all times alike.

*Highways: Obstructions: Eye-witness: Evidence.* Whether an erection actually obstructs passage on a way, is a question properly put to eye-witnesses familiar with the road, and cannot be determined in all cases by any mere descrip-

tion by metes and bounds, without a personal knowledge of the effect on the convenience of travel.

*Public nuisance: Highways: Abating obstructions: Necessity.* A public nuisance cannot be lawfully abated by a private person unless he has suffered some special damage not common to others. And a person obstructed in his use of a highway, and having occasion to use it, cannot interfere with any erection unless in case of necessity, and then only to the extent of that necessity. All needless violence is unlawful.

*Highways: Encroachments: Nuisance: Question of fact: Public convenience.* An encroachment on a way is not necessarily a legal nuisance. An owner of the soil may use it in any way which does not interfere with the public convenience, and every nuisance is a question of fact.

*Encroachments: Proceedings to remove: Forcible entry.* An encroachment which is not a nuisance can only be properly tried by legal proceedings on the part of the public authorities. And they have no right to make public entry where the right is in dispute.—*Sheldon v. Kalamazoo, supra,* cited and applied.

*Heard April 13. Decided April 16.*

Error to Wayne Circuit.

*D. C. Holbrook,* for plaintiff in error.

*Ward & Palmer,* for defendant in error.

CAMPBELL, J.

Clark was sued in trespass for tearing down the ice-house of the defendant in error, and justified the act as done in the abatement of a nuisance to a public highway, in which he alleged the erection to be an unlawful obstruction. The suit was brought in December, 1870, and the trespass was committed shortly previous.

The first error assigned relates to the admission of testimony of the value of storing six hundred tons of ice in the building, that having been shown to be its storage capacity.

We do not see any error in this. The building was put up for no other purpose than holding ice, and its destruction completely defeated that purpose. The damage was expressly set out in the declaration, and nothing could be more directly or inevitably the result of the grievance. The testimony came within the rules laid down by us on various occasions.—*Chandler v. Allison, 10 Mich. R., 460; Alli-*

son v. Chandler, 11 Mich. R., 542; Shaw v. Hoffman, 21 Mich. R., 151. The witness answered it was worth from one hundred to one hundred and fifty dollars, and no time was mentioned within which it was to be earned. Whether this would be objectionable under any circumstances without further showing, we need not consider, as courts are bound to pay some regard to the well known incidents of ordinary business, and to know that ice is gathered in cold weather, and that when the ice-house is filled, it must continue to hold its contents until distributed, and will be useless for any other purpose. Its value, therefore, would not be ascertained necessarily by a standard of rent by the month, but might be reckoned in one sum, as the witness stated it, for storing such an amount as would fill it, and if this were not so in this case, there is nothing to show it incorrect. If any further information was needed it could be obtained, but this was probably the only answer that could be given to the question. We must so assume, at least, in the absence of any further questions. We have no means of knowing what was allowed for this damage, and cannot presume it was excessive.

We must assume that the court would charge properly, had any request been made as to the time to be covered, and if damages were excessive, a motion for a new trial would have been permissible. The mischief was done at the beginning of the season, and there is no evidence to show that the damages were any more than would have been inevitable under the circumstances.

· Certain testimony having been given concerning the condition and extent of the highway, a witness was asked: "Was the erection of the ice-house an obstruction to the road?" He answered: "I do not know of any obstruction; the shed was ten feet from the road." The objection taken to this was, that it was incompetent, and the reason

urged is, that it related to opinion instead of fact. We think it is not open to that objection. Whether an erection obstructs a passage, is a matter which can often be better judged by an eye-witness, than from a description of metes and bounds. The answer indicates that the witness formed his conclusion on just grounds, and also gave the jury all the means of judging for themselves that could have been obtained from any testimony. It is such testimony as would be needed to inform their action, and it showed the relative positions of the road and the ice-house.

The remaining questions all relate to the right of Clark, as a private citizen, to abate the supposed nuisance, and the relative rights of the parties on that basis.

There is nothing in the evidence or bill of exceptions showing that he attempted to make out any necessity for his action, or any special grievance. It is not stated that any evidence was offered tending to show that he was specially injured, or injured at all, in person, property, or convenience.

A public nuisance, clearly made out, cannot be lawfully abated by any private person not specially grieved by it. It must directly injure or annoy him individually. The law is briefly summed up on the authorities, in *Dimes v. Petley, 15 Q. B., 276,* as follows: "That if there be a nuisance in a public highway, a private individual cannot of his own authority abate it, unless it does him a special injury, and he can only interfere with it as far as is necessary to exercise his right of passing along the highway; and, without considering whether he must show that the abatement of the nuisance was absolutely necessary to enable him to pass, we clearly think that he cannot justify doing any damage to the property of the person who has improperly placed the nuisance in the highway, if, avoiding it, he might have passed on with reasonable convenience."

The right to abate has always been confined to the parties aggrieved, and it cannot be done lawfully in violation of the peace.—*3 Bl. Com.*, *5.* In short, it is a remedy by necessity, and will not justify any wanton violence. We have had occasion at this present term, in *Sheldon v. Kalamazoo, supra,* to express our views on the subject of these violent invasions of private right under color of removing encroachments on highways.

It is further to be borne in mind that every encroachment is not a nuisance, and it is a question of fact, and not of law alone, whether it becomes so. It must become a source of annoyance and inconvenience to the public before it is a nuisance, and it must interfere with the use of the way for the purposes of a way.—*People v. Carpenter, 1 Mich. R., 273.* The owner of the soil is not punishable for a nuisance in using any portion of it in such a way as not to interfere with the public convenience.

If Clark had no right to interfere with the building destroyed, he is responsible for it as if it had been any where else. He could not assume that it would ever be disturbed, and he was bound to know it could not be interfered with by any but authorized parties. The presumption is in favor of the legality of a possession until its illegality is shown, and if it is not a public nuisance the possession could not lawfully be disturbed without regular proceedings in a legal way.

The other points become immaterial. The judgment must be affirmed, with costs.

CHRISTIANCY, CH. J., and COOLEY, J., concurred.

GRAVES, J., did not sit in this case.