# BRISTOL COUNTY.

———◆———

JOHN S. BOWDEN *vs.* SILVANUS M. LEWIS *et als.*

An individual has no right to injure or destroy the property of another because it is so situated as to be a public nuisance, unless such individual is exercising the public right which is obstructed by it, nor even then if he can reasonably avoid it.

A. built an illegal structure in a tide river and in front of the villa lots of B. B. destroyed the structure and A. brought trespass for the injury.

*Held,* that B. could not justify the trespass because the value of the lots was diminished by the structure. As the structure had never been used, B. was not injured by the use. As the law recognizes no easement nor right of property in a landscape, B. could not rightfully destroy the structure merely because it was unsightly.

*Held,* further, that B. could not justify the trespass because the structure made access to the lots by water less convenient, it not appearing that any one had used the water way to approach the lots.

DEFENDANTS' petition for a new trial.

*Providence, January* 29, 1881. DURFEE, C. J. This is trespass against the defendants for entering upon certain oyster lots in Barrington River, which the plaintiff occupied as such under lease from the State, and digging up and destroying the plaintiff's oysters growing there, and pulling down the plaintiff's building there erected, carrying away the materials, and converting them to their own use. The alleged trespass was committed in November, 1879. It appeared in evidence that the building was erected in October, 1879, by the plaintiff, for use in connection with his oyster business in ·Barrington ; that Barrington River was a public navigable river in which the tide ebbed and flowed ; that the plaintiff was a lessee of the oyster lots, but had no authority from the State or General Assembly to erect the building ; that, on the contrary, he had applied to the Harbor Commissioners for permission to erect it, and they had not only refused permission, but had expressly forbidden him to erect it, and after he had partly erected it, had notified him to remove it. It also appeared in evidence that the defendants, Lewis and Fenner, were trustees under the·will of the late Allen Mathewson, and as such were owners of certain real estate on the west bank of Barrington River, which had been platted for sale as villa lots ; that the

building was erected near said estate, and directly opposite the lower or outermost end of it; that to a certain extent it interfered with the approach by water to said real estate, though there was no testimony that either the defendants or any other person had actually ever approached or had occasion to approach said real estate by way of the river after the erection of the building, and it was undisputed that, if they had had occasion so to approach it, the building, while it might have somewhat incommoded, would not have prevented them. Testimony was also offered, and to some extent admitted, to show that the erection of the building had diminished the market or salable value of the villa lots. The defendants requested the court to instruct the jury: *first*, that where a party may maintain an action for a nuisance, he may enter and abate it of his own motion; *second*, that any person who suffers special damage by a public nuisance may abate the same of his own motion; and *third*, that if it appeared from the testimony that the existence of the building was unlawful, no action would lie for its removal. The court refused so to instruct the jury, but did instruct them, that though the building was wrongfully erected, the defendants could not justify the destruction of it without showing that they suffered some special injury from it, or were obstructed by it in the exercise of their rights; that they had no right to pull it down simply because it lessened the value of their land; and that though it might obstruct somewhat the approach by water to their land, still if they had reasonably convenient access which they could use without injuring the building, they were bound to avoid injuring it, and that they would not be justified in injuring it unless the injury was necessary to the actual exercise of their right. The defendants, against whom verdict was rendered, petition for a new trial for error in the instructions, and in the refusals to instruct.

The case presents two questions, namely: Did the defendants have the right to tear down the building, *first*, because it lessened the value of their villa lots; or, *second*, because it rendered them somewhat less convenient of access by water? ·

1. The testimony does not distinctly show *how* the building lessened the value of the villa lots, but we presume it was sup-

posed to lessen their value either because it was unsightly, or because it was intended to be used in a disagreeable manner, or for a disagreeable business, or possibly for all these reasons combined. The question is, then, whether the defendants had a right to tear it down on account of such an injury. We think not. A person who is specially injured by a public nuisance undoubtedly has a right to abate it under certain circumstances, but in our opinion he has the right only when he is specially injured by it *qua* public nuisance. For instance, if a nuisance is such because it obstructs a highway, the right to abate it exists only in favor of a person who is specially injured by it as an obstruction to the highway, and not in favor of a person whose special injury is that he loses in consequence of it a favorite view from one of his windows, or the sight of the church clock. The loss of the view, or of the sight of the clock, is purely a private matter, and the person who suffers the loss can have no right to abate the obstruction on account of it, unless he can show that the obstruction is, on account of it, a private as well as a public nuisance. Now, the injury to the defendants resulting from the unsightliness of the building, or from the purposes for which it was intended, was just such a purely private matter, and therefore they cannot justify tearing the building down simply on the ground that it was a public nuisance; but they must also show that on account of its unsightliness, or of the purposes for which it was intended, it was likewise as to them a private nuisance. This they have not done. The building had never been used, and therefore could not have been a nuisance on account of its uses. And the defendants had no right to abate it simply because it was a blot upon the landscape, for the law does not recognize any easement or right of property in a landscape or prospect. "For prospect," said Wray, C. J., in *Aldred's case,* 9 Rep. 57 *b,* 58 *b,* "which is matter only of delight and not of necessity, no action lies for stopping thereof; and yet it is a great commendation of a house if it has a long and large prospect, *unde dicitur,*

"'Laudaturque domus longos quae prospicit agros.'"[1].

---

[1] Horat. Epist. I. 10, 23.

2. Did the defendants have the right to tear the building down because it rendered their villa lots less convenient of access by water? We think not. There was no evidence that either the defendants or any other person had occasion to go to or from the villa lots by water, or even attempted to go to or from them, after the erection of the building, or that the defendants or any other persons were ever deterred by it from going to or from them. There was, therefore, no evidence on which the defendants could have maintained an action at law; for an action at law does not lie against the author of a public nuisance without proof of special damage, not merely anticipated, but actually received. The only possible ground on which it can be contended that an action would lie in favor of the defendants is, that the building was opposite the lower end, of their estate, on what may be termed its water front. But when we consider that no *special* damage actually did result from it as a public nuisance, and especially when we consider that, being removable, it might have been removed before any resulted; we do not think an action could be maintained even on that ground. Supposing it to be true then, as the defendants contend, that there is a right to abate whenever there is a right to bring an action, the defendants did not show a right to abate by showing a right to bring an action. *President & Fellows of Harvard College* v. *Stearns*, 15 Gray, 1; *Brainard* v. *Connecticut River Railroad Co.* 7 Cush. 506, 510.

We think the instruction given to the jury, to the effect that an individual has no right to injure or destroy the property of another, because it is so situated as to be a public nuisance, unless he is in the exercise of the public right which is obstructed by it, and not even then if he can reasonably avoid it, was according to the precedents and substantially correct. *Mayor of Colchester* v. *Brooke*, 7 Q. B. 339; *Dimes* v. *Pettey*, 15 Q. B. 276; *Bateman* v. *Bluck*, 18 Q. B. 870; *State* v. *Keeran*, 5 R. I. 497; *Brown* v. *Perkins*, 12 Gray, 89; *Cobb* v. *Bennett*, 75 Pa. St. 326; *Clark* v. *Lake St. Clair and New Up River Ice Co.* 24 Mich. 508; *Fort Plain Bridge Co.* v. *Smith*, 30 N. Y. 44. A new trial is therefore denied. *Petition dismissed.*

*Charles H. Parkhurst*, for plaintiff.

*Charles Hart and Bosworth & Champlin*, for defendants.