HAMBURGER v. KRAMP.

1. COVENANTS—BUILDING RESTRICTIONS.
   Building restriction cases are governed by particular facts and it is neither possible nor desirable to establish a measuring stick and thereafter cut cases to fit.

2. SAME—GASOLINE FILLING STATION—EQUITY.
   Bill to enforce residential building restrictions and enjoin erection of gasoline filling station on lot several blocks away from lot owned by plaintiffs in same subdivision but upon another street which has lost much of its residential character partially because of efforts of one of plaintiffs in violating restrictions in same and adjoining plats *held,* properly dismissed where violation contemplated will not seriously affect plaintiffs' lot and they were moved by desire to prevent competition with nearby filling station which they operated.

Appeal from Wayne; Marschner (Adolph F.), J. Submitted June 12, 1934. (Docket No. 104, Calendar No. 37,765.) Decided October 1, 1934.

Bill by Charles Hamburger and wife against George A. Kramp to enjoin the alleged violation of building restrictions in erection of a gasoline filling station. Bill dismissed. Plaintiffs appeal. Affirmed.

*Abram Sapiro,* for plaintiffs.

*Maurice P. Rhodes,* for defendant.

WIEST, J. The bill herein was filed to obtain a decree maintaining the integrity of building restrictions imposed upon lots in a subdivision.

Upon the hearing the court found that, by reason of violations and changed conditions, it would be inequitable to maintain the restriction on defendant's lot in the subdivision facing Schoolcraft avenue; that plaintiff Charles Hamburger had violated the restrictions elsewhere on the plat and upon a lot facing Schoolcraft avenue on an adjoining plat, and plaintiffs were moved by desire to prevent competition on the part of defendant with a nearby gasoline filling station operated by plaintiffs. Plaintiffs review by appeal.

The plat, known as Restmore Homes Subdivision, consists of 225 lots and was recorded in 1915. At that time the land was commons and Schoolcraft avenue was a dirt road. The lots were restricted to residence purposes. Plaintiffs own lot No. 51, located on Manor avenue, at the extreme northerly side of the plat, and Schoolcraft avenue is near the southerly side of the plat. Defendant owns lot No. 171 on Schoolcraft avenue and had started to

erect a gasoline filling station thereon at the time the bill herein was filed. The restrictions were repeatedly violated as to lots on Meyers road at the west boundary of the plat, three blocks west of defendant's property, and a store and apartment building on Schoolcraft avenue near Meyers road. On Schoolcraft avenue, commencing in the second block east of defendant's lot, are rows of stores and a gasoline station, but these are in another and like restricted subdivision. Schoolcraft avenue has been widened and paved, has become a much traveled highway and has lost much of its character of a residence street and plaintiff Charles Hamburger has been an active participant in bringing about change by constructing buildings on the plat and the adjoining plat in violation of building restrictions.

The residence character of plaintiffs' lot on Manor avenue, a block and a quarter north of Schoolcraft avenue, will not be seriously affected by a gasoline filling station on defendant's lot at such a distance south and nearly two blocks east on Schoolcraft avenue.

Building restriction cases are governed by particular facts and it is neither possible nor desirable to establish a measuring stick and thereafter cut cases to fit for that would be too Procrustean.

Schoolcraft avenue has, in many respects, become a business thoroughfare and the change has induced uncontested violations of the building restrictions east and west of defendant's lot, and the march of business from both directions will, undoubtedly, soon pinch out the oasis plaintiffs want maintained for the benefit of their lot on another street. The change appears to have been recognized by, and acquiesced in by other owners of lots, and the business character of Schoolcraft avenue accepted by

plaintiff Charles Hamburger in his violation of building restrictions east of defendant's lot in the adjoining plat.

The circuit judge reached a right result.

The decree, dismissing plaintiffs' bill, is affirmed, with costs to defendant.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.