GOMAH *v.* HALLY.

1. COVENANTS—CHANGE OF NEIGHBORHOOD—REMOVAL OF RESTRIC-
   TIONS—SETBACK LINES.
   Finding of trial court in suit to enforce 150′ setback restriction
   put on plaintiff's and defendants' lots when common grantor
   of plaintiff's and defendants' property sold the lots in 1912,
   was still valid as to defendants' tract not more than 185.16′
   deep, *held*, unsupportable, in view of an extensive change in
   the neighborhood from that which was originally contemplated
   in the negative reciprocal easement.

2. SAME—REMOVAL OF RESTRICTIONS—CHANGE OF NEIGHBORHOOD.
   Validly imposed restrictions to residence use may properly be
   removed by courts when there has occurred extensive neighbor-
   hood changes.

Appeal from Wayne; Smith (Raymond L.), J.,
presiding. Submitted January 3, 1962. (Docket No.
19, Calendar No. 48,827.) Decided March 16, 1962.

Bill by Hildegard Gomah against James T. Hally,
Ione Hally and National Bank of Detroit, a national
banking association, mortgagee, to remove restric-
tions on 3 parcels of real property. Decree for plain-
tiff as to 1 parcel. Defendants Hally appeal. Plain-
tiffs cross-appeal. Reversed in part and remanded
for declaration of rights removing restrictions on
remaining parcels.

*Daniel Hodgman,* for plaintiff.

KELLY, J. Plaintiff filed bill of complaint seeking
to have certain restrictions on her property declared
invalid and no longer in effect.

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 14 Am Jur, Covenants, Conditions, and Restrictions § 302
*et seq.*

Plaintiff and defendants Hally own property abutting the north side of Jefferson avenue, Grosse Pointe Park, in Scripps Grosse Pointe Park subdivision. Defendant National Bank of Detroit holds a mortgage on the Hally property.

Plaintiff's lots are numbers 83, 245, and 246. Lot 83, a corner lot, has a frontage of 159.69 feet on Jefferson avenue and a depth of 101.34 feet, which fronts on the west side of Audubon avenue. Lots 245 and 246, also on a corner, have a frontage on Jefferson avenue of 160.26 feet and a maximum depth of 185.18 feet, which fronts on the west side of Whittier avenue, one block east of Audubon. Defendants' property, on the corner of Audubon and Jefferson avenues, is across the street from plaintiff's lot 83. It has a frontage of 159.85 feet on Jefferson avenue and a depth of 273.65 feet fronting on the east side of Audubon avenue. The east line of defendants' property abuts plaintiff's lots 245 and 246.

In 1912 all of these lots were owned by a common grantor who, on December 16, 1912, conveyed defendants' parcel of land to their predecessors in title. The conveyance contained, among other restrictions, a setback line of 150 feet from Jefferson avenue on plaintiff's lots 245 and 246, of 125 feet on plaintiff's lot 83, and of 125 feet on the land conveyed to defendants' predecessors in title. Since 1912 the property to the east, west, and north has been subdivided into desirable 1-family dwelling lots.

Defendants' predecessors in title built a valuable home fronting on Jefferson avenue, with a setback line of 144.25 feet in accordance with the restrictions.

Plaintiff's lots are vacant and, with the restrictions and zoning ordinances, it is impossible to build a 1-family dwelling on them.

Plaintiff based her right to relief on the grounds that the covenants contained no duration of the time they were to continue, and that a reasonable time had elapsed. Plaintiff further contended that the area had changed and that other houses had been built in the neighborhood which were not set back as far as required by the restrictions on plaintiff's lots.

Defendants contended the covenants run with the land; that plaintiff was aware of them when she purchased the lots; and that to invalidate the restrictions would greatly reduce the value of their property and disturb their view of Jefferson avenue.

The trial court held that the setback restrictions were invalid as to lot 83 and valid as to lots 245 and 246.

We do not agree with the trial court that the restrictions in the 1912 deeds were intended to be effective as a "general plan" so as to be binding on

plaintiff's property as a negative reciprocal easement.

Practically all of the lots in this subdivision are much smaller than the lot conveyed to defendants Hally. Defendants have resubdivided their original lot. Only 1 house faces Jefferson avenue, namely the Hally house.

The court stated:

"There is an obvious departure from the 1912 fad to build large homes on large plots of ground. Economic considerations have brought about this change. Defendants have succumbed to the extent that they sold off lots from the north part of their property to within 100 feet of the rear of their home."

There has been a definite change in the neighborhood from that which was originally contemplated in the restrictive covenant. We agree with appellant that:

"If we assume that the original restriction was effective because it was according to a general plan, certainly that general plan was to erect very large estate homes facing Jefferson avenue but the defendants themselves have departed from such a plan by subdividing their own property and furthermore, the fact that such a plan was never contemplated, or if contemplated never carried out, is shown by the fact that the subdivision which was later platted, divided the lots into much smaller lots."

This Court has not hesitated to remove validly imposed restrictions to residence use when there has occurred extensive neighborhood changes. See *Dipboye* v. *Acchione*, 351 Mich 550. There is an extensive neighborhood change in the instant case.

The trial court's decree with respect to lots 245 and 246 is reversed and the case is remanded for a declaration of rights determining that the restric-

tive covenant contained in the 1912 deed is not effective as to lots 245 and 246.

Reversed in part and remanded.   Costs to plaintiff.

Dethmers, C. J., and Carr, Black, Kavanagh, Otis M. Smith, and Adams, JJ., concurred.

Souris, J., did not sit.