ALTESE v. NEILL.

1. COVENANTS—EQUITY—CASES DETERMINED ON OWN FACTS.
   Few rules can be applied generally in equity in building restriction cases since they present wide differences in facts, requiring that each case be determined on its own facts.

2. SAME—RESIDENCES—MEDICAL CLINIC—TRAFFIC—NONCONFORMING USES—ZONING.
   Judgment requiring defendants to observe covenant relative to setback line but permitting erection of medical clinic on lots in subdivision restricted to residential uses is affirmed, where restrictions were imposed some 40 years ago, the

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 20 Am Jur 2d, Covenants, Conditions and Restrictions § 185 *et seq.*
[2] 20 Am Jur 2d, Covenants, Conditions and Restrictions §§ 281–283. Change of neighborhood in restricted district as affecting covenant. 54 ALR 812, 4 ALR2d 1111.

property faces heavily trafficked limited access highways, there are 3 existing nonconforming users including a medical clinic, testimony was offered that property is less desirable for residential purposes than commercial uses, and property owners have obtained a zoning change for the area involved from heavy commercial to light commercial, the proposed clinic not being violative of such zoning classification.

Appeal from Wayne; Bohn (Theodore R.), J. Submitted Division 1 June 9, 1965, at Detroit. (Docket No. 159.) Decided September 20, 1965.

Complaint by Tony Altese and others against Edwin J. Neill, John C. Gambino, and C. Gambino to enjoin erection of a building allegedly in violation of certain restrictive covenants. Judgment for plaintiffs as to setback line; but judgment for defendants as to character of building. Plaintiffs appeal. Affirmed.

*Axford, Cashen, Hally & Baird (George B. Schaeffer,* of counsel), for plaintiffs.

*Bashara & Bashara (George N. Bashara, Jr.,* of counsel), for defendants.

BURNS, J. This action was commenced by plaintiffs to enjoin the violation of certain restrictive covenants by the defendants. The defendants propose to erect a medical clinic in a primarily residential neighborhood, and to build the clinic approximately 3 feet from the lot line. The property under consideration is owned by defendant Neill, and located at the corner of Harper, a service drive for the Edsel Ford Expressway, and Moross road in the city of Detroit.

The plaintiffs are owners of lots in the subdivision in which defendant's property is located. The re-

strictions of record were placed on the subdivision when it was originally platted in 1924, and provide: "This subdivision is restricted to residential purposes. All dwellings shall cost at least $4,000 and shall stand at least 20 feet back from the front lot line."

Plaintiffs contend that there are no other violations of the 20-foot setback requirement, and only three commercial properties in the subdivision. One was a real-estate office of the original developers which was subsequently enlarged and improved into a bank after the subdivision was fully developed. The second is the original subdivider's property that has always been used for the storage of machinery in connection with a small excavating business. The third piece of commercial property is a medical clinic, approximately opposite defendant's property, on the other side of Moross road, which observes the setback requirements.

The defendant was granted a building permit by the city of Detroit to build the proposed clinic.

Defendant contends that the restrictions were put into effect in 1924, and changed conditions should free the property of the restrictions so as to permit the proposed construction of the medical clinic.

At the trial, the circuit judge determined that the only controlling issue was whether the proposed clinic violated restrictions with regard to the 20-foot setback line, and issued a decree restraining the defendants from constructing a clinic, but *only within* the 20-foot setback line.

From this determination, the plaintiffs have appealed.

In *Polk Manor v. Manton* (1936), 274 Mich 539, the thrust of the opinion indicates that building restriction cases present such a wide difference in fact that, in equity, but few rules can be applied

generally, and in the main each case must be determined on its own facts.

And so they must. Each factor, though separately of little significance, must be weighed and considered; each a makeweight for one of the adversaries, until finally the balance of the scales of justice tip one way or the other.

In *Dipboye* v. *Acchione* (1958), 351 Mich 550, pp 556, 557, it is stated:

"Proof was further adduced that there is no existing market for these lots for residential purposes but that individual lots could be sold for as high as $20,000 for commercial purposes; that Plymouth road is now a 4-lane main arterial highway between Detroit and Chicago, officially designated as US–12; that upwards of 15,000 motor vehicles pass along that way daily; that there are large factories and industrial plants located not far from plaintiffs' lots, both on the east and west. Thus we have evidence here of sharply increased traffic, extensive neighborhood changes, existing nonconforming user, increased commercial value as opposed to nonexistent residential value, plus an official recognition of the actualities of the situation by the noted voluntary action of the municipality in itself relaxing its prior zoning restrictions on these same lots.

"We recognize that the presence of one or all of these factors puts no automatic compulsion on our courts to permit the lifting of validly imposed building restrictions and further that it is hard, if not impossible (and, also, probably undesirable), for us to seek to impose a universal yardstick to fit every situation (*Hamburger* v. *Kramp,* 268 Mich 611, 613)."

We echo these sentiments. In the present case we have many of the above mentioned elements. A heavily trafficked limited access highway in the form of Edsel Ford Expressway; sharply increased traffic on Moross road; three existing nonconforming users,

one we might add, a medical clinic similar to that which the defendant proposes to build; and proof was offered that the property in question is less than desirable for residential purposes as opposed to commercial development. In addition, we have a situation where the property owners not only acquiesced to existing nonconforming users, but sought and obtained a zoning change for the area involved, from heavy commercial to light commercial. The clinic which the defendant proposes to build would not violate this new zoning classification.

The defendant has stated that he will abide by the lower court's ruling and observe the 20-foot setback line. The judgment of the trial court is affirmed, with costs to defendant-appellee.

LESINSKI, C. J., and WATTS, J., concurred.