## FELDMAN *v.* COURT.

1. APPEAL AND ERROR—CHANCERY CASE—BUILDING RESTRICTIONS.
   Chancery cases involving building restrictions are reviewed *de novo* by the Court of Appeals.

2. COVENANTS—REMOVAL OF RESTRICTIONS—CHANGE OF NEIGHBORHOOD.
   Validly imposed restrictions to residence use may properly be removed by courts when there have occurred extensive neighborhood changes.

3. SAME—REMOVAL OF RESTRICTIONS—CHANGE OF NEIGHBORHOOD.
   Courts may search the surrounding neighborhood to assist them in determining whether eradication of servitudes or restrictive covenants should be granted on the basis that they are unduly burdensome and of no value to dominant owners.

4. SAME—VIOLATIONS OF RESTRICTIONS.
   Each case involving violation of building restrictions must be determined on its own facts and each case stand by itself as the facts in each case are different.

5. SAME—APPEAL AND ERROR—REMOVAL OF RESTRICTIONS.
   Finding of trial court in property owners' suit for a declaratory judgment that restrictive covenants limiting use of certain lots to single family dwellings forbid construction of a supermarket on said lots that the restrictions are no longer enforceable as to the particular property involved *held*, correct, where there has been an extensive neighborhood change, the property could not be developed residentially, no damage would result to the subdivision if the property were used for commercial

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error §§ 703, 822.
[2] 20 Am Jur 2d, Covenants, Conditions and Restrictions § 281.
[3, 4] 20 Am Jur 2d, Covenants, Conditions and Restrictions §§ 281, 283.
[5] 20 Am Jur 2d, Covenants, Conditions and Restrictions §§ 281, 282, 325.

purposes, and numerous lots in the subdivision have been used in violation of the restrictions.

Appeal from Wayne; Brennan (Leo J.), J., presiding. Submitted Division 1 April 5, 1966, at Detroit. (Docket No. 338.) Decided November 22, 1966. Rehearing denied December 29, 1966. Leave to appeal denied by Supreme Court March 14, 1967. See 379 Mich 754.

Bill of complaint by Clementine Feldman and others against Andrew T. Court for a declaratory judgment as to whether certain property is restricted in its use to the erection of single family dwellings, thus preventing defendant Court from erecting a supermarket thereon. Ethel M. Reid and others, owners of lots in the subdivision, intervened as parties plaintiff. Philip A. Streich and others, owners of lots in the subdivision favoring defendant Court's erection of the supermarket, intervened as parties defendant. Judgment for defendant. Plaintiffs and intervening plaintiffs appeal. Affirmed.

*John H. Yoe* and *Thomas P. Casey,* for plaintiffs and intervening plaintiffs.

*Cross, Wrock, Miller, Vieson & Kelley (George D. Hatie,* of counsel), for defendant.

*William J. McBrearty,* for intervening defendants.

J. H. GILLIS, P. J. This is a suit for declaratory judgment requesting the court to adjudge that the property in question is restricted in its use to the erection of single family dwellings thereon. Plaintiffs and intervening plaintiffs are the owners of lots in the subdivision wherein the defendant Andrew Court's property is located. Defendant Court seeks to erect a supermarket on a portion of his property. Intervening defendants are other property owners

in the subdivision who favor defendant Court's plan to erect the supermarket.

The trial court ruled that the restrictive covenant was extinguished by virtue of the failure to file notice of alleged restrictions pursuant to the Michigan marketable title act. CL 1948, § 565.101 *et seq.*, as amended (Stat Ann 1953 Rev and Stat Ann 1965 Cum Supp § 26.1271 *et seq.*).

In 1893 a large parcel of land was platted which was entitled "Addition to Park Subdivision." Said land was bounded on the north by Mack avenue and the south by St. Paul avenue in the city of Detroit. Within those boundaries it encompassed both sides of Seminole, Iroquois, and Burns avenues. The subdivision was laid out in blocks but the blocks were not divided into residential lots. Thereafter lots were deeded out within the blocks by metes and bounds description until 1938 when a portion of the subdivision was resubdivided via an assessor's plat and each of the blocks encompassed in the assessor's plat was divided into a number of lots. The area covered by the Addition to Park Subdivision, plus some other adjacent land, comprised what is now commonly referred to as Indian Village. Subdivision restrictions of record dating back to the 1890's provide: "The property shall be restricted to single residences only." Defendant Court contends the restrictions are no longer effective because there has been a change in the neighborhood from that which was originally contemplated in the restrictive covenant, that the restrictions to a large extent have been ignored, and that the restrictive covenant is extinguished by virtue of failure to file notice of alleged restrictions under the Michigan marketable title act, *supra*.

The trial court was furnished with an extensive array of exhibits composed of photographs and dia-

grams of each area of the subdivision fronting on
Mack avenue and of the surrounding neighborhood.
In addition, exhibits covering the entire southern
area of Indian Village along Jefferson avenue were
submitted. Numerous, exhaustive briefs were filed
by each of the parties covering the issues presented.
The trial judge viewed the subdivision and neighbor-
hood and filed a written opinion with extensive find-
ings of fact contained therein. While this case is
heard *de novo* in our Court, we find the record fully
supports the factual findings of the trial judge and,
for the sake of brevity, we summarize them as fol-
lows: Within the subdivision there have been nu-
merous violations of the restriction in question.
There are doctors' offices, public schools, play-
grounds, churches, church parking lots, used car
lots and commercial stores. In the immediate neigh-
borhood, on the north side of Mack avenue across
from the property, the area is completely commer-
cialized with stores, garages, gasoline filling stations
and a storage garage.

While there are numerous cases covering the per-
tinent issues involved, we would like to comment on
but three of these cases. The first is *Taylor Avenue
Improvement Ass'n* v. *Detroit Trust Co.* (1938), 283
Mich 304, and involves property similarly situated
to the property in the instant case. The property
in the *Taylor Case* was located on Woodward ave-
nue, a busy thoroughfare. The property herein is
situated on Mack avenue, likewise a busy thorough-
fare. The properties involved in both the *Taylor
Case* and in the case at bar are not desirable for
dwelling house purposes. If the restrictions were
maintained, the lots would be of little value to the
owners. Due to changed conditions on both Wood-
ward avenue in the *Taylor Case* and Mack avenue in
the instant case, the property could not be developed

residentially and damage would not result to the subdivision if the property was used for commercial purposes.*

The second case is *Morgan* v. *Matheson* (1961), 362 Mich 535, which involves the same subdivision as in the *Taylor Case.* In *Morgan, supra,* the Court declined to permit the use of property in the subdivision for commercial purposes. The factual distinction between the two cases is readily apparent. In *Morgan, supra,* the lots involved in the litigation did not front on Woodward avenue but on Taylor avenue, a residential street. With three exceptions, there was no evidence that residential lots within the subdivision were used for commercial purposes although there was a showing that the restriction requiring the utilization of the property for residential purposes had been violated extensively in one respect, namely, that single residences were expanded into rooming houses. The restriction was not abandoned altogether but only *pro tanto* and the basic character of the subdivision remained residential.

. In *Gomah* v. *Hally* (1962), 366 Mich 31, the Court went beyond the subdivision subject to the restriction involved in the litigation and considered the neighboring area and from this determined that the intent of the original restrictor could not feasibly be carried out within the subdivision due to changed conditions. The Supreme Court stated at p 34:

"There has been a definite change in the neighborhood from that which was originally contemplated in the restrictive covenant. * * * This Court has not hesitated to remove validly imposed restrictions

---

* The city of Detroit, through the city plan commission and common council, rezoned the property in the instant case from residential to commercial. The zoning was made contingent upon the property being developed in accordance with specific plan set forth in defendant's exhibit 10 requiring a protective 6-foot masonry wall, green belt, ample parking facilities, adequate loading areas and entrances and exits limited to Mack avenue.

to residence use when there has occurred extensive neighborhood changes."

See *Dipboye* v. *Acchione* (1958), 351 Mich 550, and *Altese* v. *Neill* (1965), 1 Mich App 437.

The neighborhood changes above alluded to are not confined to the particular area subject to the covenant in question. Chancellors both in this jurisdiction and others have historically searched the surrounding neighborhood to assist them in determining whether eradication of servitudes or covenants should be granted on the basis that they are unduly burdensome and of no value to dominant owners. See *Pollack* v. *Bart* (1953), 202 Md 172 (95 A2d 864), *Waldrop* v. *Town of Brevard* (1950), 233 NC 26 (62 SE2d 512), and *Taylor, supra.*

There has been an extensive neighborhood change in the instant case. We also find that there are numerous lots within the subdivision used in violation of the restriction in question including 4 commercial store units and two used car lots on Mack avenue. For these reasons we agree with the trial court's decision that the restrictions are no longer enforceable as to the particular property involved on appeal.

"Each case must necessarily be determined on its own facts, and each case must stand by itself as the facts in each case are different." *Harrigan* v. *Mulcare* (1946), 313 Mich 594, 596.

In view of our finding it is not necessary for this Court to pursue the issues presented involving the Michigan marketable title act, *supra.*

Judgment affirmed. Costs to appellees.

HOLBROOK and McGREGOR, JJ., concurred.