BRUGGEMAN v MINSTER

ZONING—ORDINANCES—ENABLING STATUTE—NUISANCE PER SE.

> A plaintiff attempting to have a building removed because it violates a township zoning ordinance must only prove the violation, not that the violation constitutes a nuisance in fact, where the enabling statute under which the ordinance was drafted declares a violation of the ordinance a nuisance *per se* (MCLA 125.294).

Complaint from Lenawee, Robert W. McIntyre, J. Submitted Division 2 June 30, 1972, at Lansing. (Docket No. 12447.) Decided July 26, 1972. Leave to appeal denied, 388 Mich 780.

Complaint by Delbert and Louis Bruggeman and Erwin and Florence Dart against Fred Minster and Rollin Township for removal of a building that violated the township zoning ordinance and building code. Judgment for plaintiffs. Defendant Minster appeals. Affirmed.

*Dan R. Bruggeman,* for plaintiffs.

*Walker, Watts, Timms & Sheridan,* for defendant Minster.

Before: FITZGERALD, P. J., and QUINN and DANHOF, JJ.

QUINN, J. Our statement of the proceedings in the circuit court is restricted to the proceedings pertinent to the issues raised on appeal. Plaintiffs'

REFERENCE FOR POINTS IN HEADNOTE
58 Am Jur, Zoning §§ 3, 148.

complaint requested that defendant Minster be enjoined from constructing or using a building that violated the zoning ordinance and building code of defendant township and that defendant Minster be ordered to remove the building. The judgment appealed from granted the relief prayed for by plaintiffs.

Defendant Minster states the questions involved in his appeal as follows:

"Where private citizens have moved as plaintiffs into a court of equity to enforce the provisions of a township zoning ordinance the enabling statute for which declares violations thereof to be a nuisance per se, does the court have authority to grant relief and abate the nuisance with only proof of the violation and without proof that the violation constitutes a nuisance in fact?"

"Is the Rollin Township building code a valid ordinance where, by its provisions, it declares a violation of the ordinance a nuisance per se and the enabling act, being Act 185, Public Acts of 1943 as amended does not provide that violations of a building code shall be a nuisance per se?"

The trial judge found as a fact that the building involved violated the zoning ordinance. This finding is not only uncontestable on the record, it is not contested on appeal. Defendant Minster concedes that violation of the zoning ordinance constitutes a public nuisance, but he contends that plaintiffs are not entitled to the relief sought and granted because they failed to prove that the building was a nuisance in fact.

The authorities relied on by defendant Minster in support of this contention are all distinguishable from the case before us. In none of them did the state enabling statute, under which the ordinance was drafted, declare a violation of an ordinance a nuisance per se. This distinction was

noted by the Supreme Court in one of the authorities relied on by defendant Minster, see *Bane v Pontiac Twp,* 343 Mich 481, 489–490 (1955).

The enabling statute under which the ordinance before us was drafted provides that a violation of the ordinance is a nuisance per se, MCLA 125.294; MSA 5.2963(24). As inferred in *Bane, supra,* we hold that this statutory provision eliminates the necessity that plaintiffs establish a nuisance in fact before being entitled to relief.

We decline comment on the second issue raised by defendant Minster for two reasons. Defendant Minster concedes that the question was never raised below, and we find that the trial judge did not grant relief on the basis of a violation of the building code ordinance.

Affirmed but without costs, a public question being involved.

All concurred.