INDIAN VILLAGE ASSOCIATION v SHREVE

1. ZONING—ORDINANCES—VIOLATIONS—NUISANCE PER SE—STATUTES.
   Any violation of a city zoning ordinance passed pursuant to the act enabling city and village zoning ordinances constitutes a nuisance per se (MCLA 125.487).

2. ZONING—ORDINANCES—VIOLATIONS—NUISANCE—EVIDENCE—STATUTES.
   Private citizens are proper parties to bring an action to abate public nuisances arising out of violations of zoning ordinances.

3. ZONING—ORDINANCES—VIOLATIONS—NUISANCE—NUISANCE PER SE —EVIDENCE—STATUTES.
   It is unnecessary for plaintiffs seeking to enjoin the owners of a residence zoned for single family use from renting one or more of their unused rooms to show that violation of the zoning ordinance is a nuisance in fact where violation of the ordinance is made a nuisance per se by statute (MCLA 125.587).

Appeal from Wayne, Joseph A. Moynihan, Jr., J. Submitted Division 1 November 15, 1973, at Detroit. (Docket No. 16582.) Decided March 6, 1974.

Complaint by the Indian Village Association and others against Charles Upton Shreve and Blanche Shreve to enjoin defendants from using their property other than as a single-family residence. Injunction granted. Defendants appeal. Affirmed.

*Goodman, Eden, Millender, Goodman & Bedrosian* (by *James A. Tuck),* for plaintiffs.

*David Dalenberg* and *Charles Upton Shreve,* for defendants.

REFERENCE FOR POINTS IN HEADNOTES
[1–3] 58 Am Jur, Zoning § 68.

Before: V. J. Brennan, P. J., and T. M. Burns and Van Valkenburg,* JJ.

Van Valkenburg, J. Defendants own a home of considerable size, it having eight bedrooms, seven baths, and eight fireplaces. The home is located in the Indian Village area of the City of Detroit. The area in which the home is located is zoned R-1 pursuant to Detroit City Ordinance No. 390-G, which thereby restricted the use of the property to single family residences and certain other uses not pertinent here. Despite this zoning restriction the defendants, without an application to the zoning appeal board for a variance, proceeded on occasions to rent out one or more of their unused rooms.

Plaintiffs, being a residential homeowner association and certain individual homeowners within the Indian Village area, brought this action to enjoin defendants from using their property for other than single family use. Plaintiffs alleged that defendants were violating both a restrictive covenant and the aforementioned zoning ordinance. The trial court, relying solely on the zoning ordinance, ordered the defendants to comply with the zoning restriction and permanently enjoined defendants from violating those zoning restrictions in the future. From that order defendants appeal.

Defendants' reliance upon this Court's holding in *Feldman v Court,* 5 Mich App 160; 146 NW2d 99 (1966), is misplaced. While that case dealt with the Indian Village area, the question before the Court was whether the restrictive covenant was still effective. It is clear from the footnote in that case that the property there in question had been

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

rezoned from residential to commercial. Since the trial court herein relied solely upon the zoning ordinance, the *Feldman* decision is inapposite.

Defendants further argue that plaintiffs are not the proper parties to bring this action to seek enforcement of the zoning ordinance. The enforcement section of ordinance No. 390-G, the same being § 63.0100, provides:

"The Department of Buildings and Safety Engineering, through its officers, inspectors, or employees, shall enforce the provisions of this ordinance and any grants approved by the commission or board; provided, that in cooperation with that department, any police officer shall have authority to enforce the provisions thereof relating to the parking, storing, or placing of a motor vehicle on land or premises."

Defendants contend that the public officials listed in the ordinance are the only persons who have the authority to enforce the provisions of the zoning ordinance.

Defendants misconstrue the nature of plaintiffs' action. Clearly plaintiffs are not attempting to usurp the function of the designated officials to enforce the zoning ordinance, but rather plaintiffs are merely seeking to enjoin defendants from using their property in such a manner as to constitute a public nuisance. Defendants' violation of the zoning ordinance is thus relevant only insofar as the failure to comply with the ordinance gives rise to a public nuisance.

By statute, any violation of a city zoning ordinance passed pursuant to the act enabling city and village zoning ordinances, as was the zoning ordinance considered herein, constitutes a nuisance per se. MCLA 125.587; MSA 5.2937 provides:

"Buildings erected, altered, razed or converted, or

uses carried on in violation of any provision of local ordinances or regulations made under the authority of this act are hereby declared to be a nuisance per se. The court shall order such nuisance abated and the owner and/or agent in charge of such building or land shall be adjudged guilty of maintaining a nuisance per se. The legislative body shall in the ordinance enacted under the provisions of this act, designate the proper officials whose duty it shall be to enforce the provisions of such ordinance and provide penalties for the violation thereof."

The Supreme Court of this state has long recognized the propriety of private citizens bringing an action to abate public nuisances arising out of violations of zoning ordinances. *Baura v Thomasma,* 321 Mich 139; 32 NW2d 369 (1948); *Jones v DeVries,* 326 Mich 126; 40 NW2d 317 (1949); *Wolff v Steiner,* 350 Mich 615; 87 NW2d 85 (1957); *Cook v Bandeen,* 356 Mich 328; 96 NW2d 743 (1959).

The very fact that the Legislature provided both that a violation of the ordinance was a nuisance per se which could be abated as such by an order of a court and that the local legislative body could designate officials to enforce the ordinance and provide penalties for violations of the ordinance is indicative that the two forms of relief from violations of a zoning ordinance are not coextensive. While the designated officials are undoubtedly the only persons who can commence any action of a penal nature for zoning violations, a question we need not decide herein, there is nothing to indicate that the Legislature intended to limit a private person's right to invoke the circuit court's jurisdiction to abate a public nuisance arising out of the violation of a zoning ordinance.

We would note tangentially that where, as here, violation of the ordinance is made a nuisance per se, it is unnecessary for plaintiffs to show that it

was a nuisance in fact. See *Bruggeman v Minster,* 42 Mich App 177; 201 NW2d 344 (1972), construing the similarly worded enabling statute for township zoning ordinances, MCLA 125.294; MSA 5.2963(24).

Affirmed. Costs to the plaintiffs.

All concurred.