INDEPENDENCE TOWNSHIP v SKIBOWSKI

Docket No. 76577. Submitted June 12, 1984, at Lansing.—Decided
July 9, 1984. Leave to appeal applied for.

Independence Township brought an action in the Oakland Circuit
Court seeking injunctive relief prohibiting the manufacture of
concrete on property owned by the defendant, Gary Skibowski,
doing business as Michigan Rental Services. The trial court,
George H. LaPlata, J., thereafter issued a judgment and order
enjoining and restraining the defendant from utilizing his
property for mixing and/or processing concrete and from sell-
ing or offering to sell concrete which has been mixed or
processed on his property. Defendant appeals. *Held:*

1. The trial court sufficiently complied with the court rule
regarding the making of its findings of fact and conclusions of
law.

2. The township did not have to establish that the com-
plained-of activity constituted a nuisance in fact before being
entitled to relief. A showing of irreparable and immediate
harm to the township was not required before the complained-
of activity could be enjoined. A violation of the township's
zoning ordinance is a nuisance per se.

3. The township zoning ordinance is organized upon a permis-
sive format. The processing and manufacturing of concrete is
not specifically permitted within the C-3 zone in which defen-
dant's property is located and is expressly limited to MH heavy
industrial zones.

4. The doctrine of laches is not applicable here since the
township acted diligently in seeking to abate the defendant's
zoning ordinance violation.

5. The trial court did not abuse its discretion in allowing

REFERENCES FOR POINTS IN HEADNOTES
[1] 82 Am Jur 2d, Zoning and Planning § 101 *et seq.*
[2] 58 Am Jur 2d, Nuisances §§ 12, 13, 147.
  82 Am Jur 2d, Zoning and Planning §§ 3, 245-247.
[3] 31 Am Jur 2d, Expert and Opinion Evidence §§ 3, 7.
[4] 31 Am Jur 2d, Expert and Opinion Evidence § 22.

expert testimony by Richard Carlysle, the Township Community Planner, to the effect that concrete processing was an industrial use incompatible with the highly commercial district in which defendant's property is located.

6. Richard Carlysle's testimony, characterizing the defendant's activities as an industrial use, was proper under MRE 704, which allows expert testimony embracing an ultimate issue to be considered by the trier of fact. The trial court did not err in relying on Carlysle's testimony in finding defendant's activity to be an industrial use incompatible with a highway commercial zoning classification.

Affirmed.

1. ZONING — PERMISSIVE FORMAT — PERMISSIVE USES.

A permissive format for zoning states the permissive uses under a zoning classification and necessarily implies the exclusion of any other non-listed use for the zoning classification.

2. ZONING — TOWNSHIPS — INJUNCTIONS.

A showing of irreparable and immediate harm to a township as a result of a property owner's violation of the township's zoning ordinance is not required before the complained-of activity may be enjoined; the violation of a zoning ordinance enacted pursuant to the Township Rural Zoning Act is a nuisance per se and the township need not establish a nuisance in fact before being entitled to injunctive relief (MCL 125.294; MSA 5.2963[24]).

3. EVIDENCE — EXPERT TESTIMONY.

The decision to allow the introduction of expert opinion evidence is left to the trial court's discretion and will not be reversed absent an abuse of that discretion.

4. EVIDENCE — EXPERT WITNESSES — OPINION ON ULTIMATE ISSUE — RULES OF EVIDENCE.

The evidence rule regarding opinion on the ultimate issue allows expert testimony embracing an ultimate issue to be considered by the trier of fact (MRE 704).

*Campbell & Fisher* (by *Gerald A. Fisher),* for plaintiff.

*Parenti & Treinen, P.C.* (by *Robert L. Bunting),* for defendant.

Before: V. J. BRENNAN, P.J., and CYNAR and
E. F. OPPLIGER,* JJ.

PER CURIAM. Defendant appeals as of right from
a judgment enjoining and restraining defendant
from utilizing his property for mixing and/or pro-
cessing concrete and from selling or offering to sell
concrete which has been mixed or processed on his
property.

Defendant, Gary Skibowski, doing business as
Michigan Rental Services (subsequently incorpo-
rated as Michigan Rental Services, Inc., a Michi-
gan corporation), owns and operates an equipment
retail and rental shop located on Dixie Highway in
Independence Township, Oakland County. Defen-
dant rents and sells various equipment, including
trailers, air compressors, lawn care products,
building materials and construction tools. Defen-
dant's property is situated in a highway commer-
cial district (C-3). In 1981, defendant brought onto
his property a concrete processor with a maximum
capacity of one yard. Defendant also placed a
temporary sign advertising the availability of
mixed concrete batch in front of his property.

On May 18, 1981, the Independence Township
Ordinance Officer wrote defendant a letter stating
that any concrete batch production on the prem-
ises required a heavy industrial zoning (MH) and
requested defendant to cease production. On June
22, 1981, another letter was sent to defendant,
enclosing the Independence Township zoning ordi-
nance requiring heavy industrial zoning for con-
crete mixing plants. The letter stated that, in the
building department's opinion, mixing concrete at
defendant's C-3 zoned location was a violation of
the zoning ordinance. Defendant was offered the

* Circuit judge, sitting on the Court of Appeals by assignment.

alternatives of challenging the department's opinion or, if defendant agreed with the opinion, seeking a variance with the zoning board of appeals.

In September, 1981, plaintiff brought a misdemeanor action seeking relief for defendant's continued ordinance violation in the 52nd District Court. During the pendency of that cause, defendant applied to the township zoning board of appeals for a variance to allow concrete mixing in a C-3 zoned area. On April 21, 1982, defendant's variance request was denied by the zoning board of appeals. Defendant did not appeal or pursue the denial. Plaintiff then dismissed the misdemeanor action, and on August 19, 1983, commenced this circuit court action seeking injunctive relief prohibiting the manufacture of concrete on defendant's property. Plaintiff also sought, and the circuit court issued, an order to show cause why temporary injunctive relief should not be issued during the pendency of the action.

An evidentiary hearing on the court's order to show cause was held on October 24, 1983, before the Oakland County Circuit Court. The witnesses testifying for the plaintiff at the hearing were Kenneth Delbridge (Director of the Independence Township Department of Building and Planning) and Richard Carlysle (Independence Township Planner).

Defendant testified that he owned Michigan Rental Services, Inc., and brought a concrete mixer with a one-yard capacity onto his property. The concrete mixing business is seasonal and cannot be performed in wintertime. The concrete mixing is a major aspect of defendant's business, and he turned to it to subsidize his business during the recession. Other rental companies in the area offer the same service, and defendant felt the need

to compete against these other companies. Defendant was told to apply for a variance by the zoning officer and was told that they were leniently granted. Defendant did not feel that his operation was in violation of the zoning ordinance.

Kenneth Delbridge testified that he was Director of Building and Planning for Independence Township. In 1979, defendant requested and received a variance to store and display things outdoors in connection with his rental business. Although the variance was granted, the business across the street from defendant's objected to the variance because of traffic problems along Dixie Highway. The zoning ordinance has always been strongly enforced along the Dixie Highway corridor where defendant's property is located. Defendant was given an appearance ticket in September, 1981, in an effort to enforce the zoning ordinance. The ticket was not an effective means of enforcing the ordinance, and, therefore, this case was started. Others have also applied for a variance to make concrete on the Dixie Highway corridor. Their requests were also denied. On cross-examination, Delbridge testified that another person who was denied a variance also objected to defendant's request. That person owned a concrete mixing plant down the street from defendant's property in Waterford Township. Delbridge recognized that defendant's mixing facility only operates from spring to November, and that he only supplies homeowners with concrete for small projects. Delbridge was concerned about traffic problems, although he was not able to say that preventing the concrete mixing and sales would reduce traffic problems in the area. There were no standards available to distinguish a one-yard mixing operation from a much larger mixing operation.

Richard Carlysle testified that he is a licensed professional community planner and is the planner for Independence Township and other communities. The trial court qualified the witness as an expert witness. The C-3 commercial zone where defendant's property is located contains no industry and, due to traffic considerations, all industry in the township is located near Interstate 75. Concrete mixing operations are not a commercial use. To remove the concrete from defendant's property, the homeowner hauls a small trailer, also rented from defendant, filled with the concrete. In Carlysle's opinion, defendant's concrete operation was harmful because of possible environmental effects due to dust, spillage and runoff. Further dangers stemmed from inexperienced drivers attempting to drive from defendant's property with a trailer full of concrete onto the busy highway. On cross-examination, Carlysle stated that he was not aware of any complaints regarding spillage or dust from defendant's operation, nor had a study of trailer traffic been performed. A C-3 zoned business is permitted to sell building supplies and materials. Although the selling of concrete is permitted, Carlysle believed that the processing of concrete on defendant's site was a violation of the zoning ordinance.

Following the hearing, the trial judge agreed to issue a temporary injunction. On November 30, 1983, the trial court entered written findings of fact and conclusions of law, and concurrently granted the temporary injunction. Thereafter, the parties agreed to treat the evidentiary hearing as a trial and determination on the merits. Judgment was then entered on February 1, 1984, enjoining defendant from utilizing his property for the mixing or processing of concrete.

Defendant raises a number of issues upon resolution which, in our opinion, do not require reversal.

The trial court sufficiently complied with GCR 1963, 517.1 in making its findings of fact and conclusions of law. The trial court found that the township was not guilty of latches and further indicated that the defendant failed to exhaust his administrative remedies in failing to appeal from the denial of a variance. Relying on the planning expert, the court found that concrete mixing is an industrial use. The trial court observed that mixing concrete does not fall within building material sales any more than if defendant decided to cut lumber in the back of his business and sell it as a finished product.

In considering whether the C-3 zoning classification permits the mixing and processing of concrete, we note that the Independence Township ordinance is organized upon a permissive format. A permisssive format states the permissive uses under the classification, and necessarily implies the exclusion of any other non-listed use. 8 McQuillan, Municipal Corporations (3d ed), § 25.124, p 376. A C-3 classification permits sales of building material. Processing and manufacturing of concrete is not specifically permitted within C-3, and is expressly limited to MH heavy industrial zones. Under the zoning ordinances there is no distinction between small and large production facilities.

Under MCL 125.294; MSA 5.2963(24), a showing of irreparable and immediate harm to the township is not required before the complained-of activity may be enjoined. The Independence Township zoning ordinance was enacted pursuant to the Township Rural Zoning Act, MCL 125.271 *et seq.;* MSA 5.2963(1) *et seq.* A violation of the zoning

ordinance is a nuisance per se. MCL 125.294; MSA 5.2963(24) eliminates the necessity that plaintiff establish a nuisance in fact before being entitled to relief. *Bruggeman v Minster,* 42 Mich App 177; 201 NW2d 344 (1972); *Indian Village Ass'n v Shreve,* 52 Mich App 35, 38-39; 216 NW2d 447 (1974).

The township acted diligently upon notice of a zoning ordinance violation on defendant's property. In 1981, defendant advertised the availability of mixed concrete batch in front of his property. On May 18, 1982, plaintiff's ordinance officer wrote a letter to defendant stating that concrete batch production on the premises required a heavy industrial zoning classification, and defendant was requested to close production. On June 22, 1981, another letter was sent to defendant, stating that mixing concrete at defendant's C-3 location violated the zoning ordinance. Defendant was offered the alternative of challenging the department's opinion or seeking a variance with the zoning board of appeals.

In September, 1981, plaintiff brought a misdemeanor action seeking relief from defendant's violation in district court. During the pendency of that cause, defendant applied to the township zoning board of appeals for a variance. On April 21, 1982, defendant's variance request was denied. The defendant did not appeal, however. Plaintiff dismissed the misdemeanor action, and on August 19, 1983, commenced action in the circuit court seeking injunctive relief. The doctrine of laches is not applicable because the plaintiff acted diligently in seeking to abate the ordinance violation.

Defendant argues that, although MRE 704 allows testimony which embraces an ultimate issue to be reviewed by the trier of fact, it was clearly

error to allow Richard Carlysle to render what amounted to a legal opinion, since it abrogated the trial court's fact-finding function.

Richard Carlysle, Community Planner for Independence Township and other communities, testified at trial as an expert witness. Defendant did not contest his qualifications, nor did defendant object to the court's determination that Carlysle was an expert witness.

Carlysle testified that concrete processing was an industrial use incompatible with the highway commercial district in which defendant's property is located.

The decision to allow expert testimony is left to the trial court's discretion and will not be reversed on appeal absent an abuse of discretion. *Cook v Detroit,* 125 Mich App 724, 735; 337 NW2d 277 (1983). The trial court did not abuse its discretion in allowing Carlysle's testimony.

The subject matter on which Carlysle was requested to provide testimony was directly related to and within the immediate scope of his expertise. Although the characterization of defendant's activities as an industrial use was an ultimate issue of fact to be resolved, Carlysle's testimony was proper under MRE 704, which allows expert testimony embracing an ultimate issue to be considered by the trier of fact. The trial court did not err in relying on Carlysle's testimony in finding defendant's activity to be an industrial use incompatible with a highway commercial classification.

Affirmed.