HIGH v CASCADE HILLS COUNTRY CLUB

Docket No. 97260. Submitted March 2, 1988, at Grand Rapids. Decided December 19, 1988. Leave to appeal applied for.

The Cascade Hills Country Club has operated a golf course in Grand Rapids Township since 1922. Pursuant to a township zoning ordinance adopted July 17, 1979, the golf course became located in a single family residential and agricultural district. Cascade Hills continued to operate as a nonconforming use. Plaintiffs, Frederick and Merrild High, saw on October 30, 1985, that Cascade Hills had begun erecting a maintenance shed. Plaintiffs were informed on October 31, 1985, that Cascade Hills had received a permit to erect the building. On October 31, 1985, plaintiffs brought an action in the Kent Circuit Court seeking to enjoin the erection of the building, contending that the building was both in violation of applicable zoning ordinances and a nuisance. In February, 1986, plaintiffs requested from the Grand Rapids Township Board of Zoning Appeals an interpretation of certain provisions of the applicable zoning ordinance. The board of appeals determined that the building was a lawful extension of an existing nonconforming use. Plaintiffs appealed from that decision and the appeal was consolidated with plaintiffs' circuit court action. Named as defendants were the country club and the township building inspector and supervisor. The trial court, Robert A. Benson, J., following a bench trial, entered orders dismissing plaintiffs' complaint and affirming the decision of the board of zoning appeals. Plaintiffs appealed.

The Court of Appeals *held*:

1. The trial court erred in finding that erection of the building was a permitted extension of a nonconforming use. The building is not an enlargement or extension of a nonconforming use, rather, it is a completely separate structure serv-

REFERENCES

Am Jur 2d, Zoning and Planning §§ 178, 185, 191 *et seq.*, 252, 334 *et seq.*

Alteration, extension, reconstruction, or repair of nonconforming structure or structure devoted to nonconforming use as violation of zoning ordinance. 63 ALR4th 275.

ing a whole new use different from that of the existing struc-
tures. The trial court's order affirming the zoning board of
appeal's determination that construction of the building was
permitted is reversed.

2. The building is a nuisance per se. Plaintiffs are entitled to
an abatement of the nuisance. The judgment of no cause of
action is reversed.

Reversed and remanded.

1. APPEAL — ZONING.

The Court of Appeals will grant relief on appeal from a decision
of a trial court or zoning board of appeals in a zoning case
where the Court of Appeals would have reached a different
result had it sat as the trial court or zoning board of appeals.

2. ZONING — NONCONFORMING USES.

A use which is lawful at the time of the enactment of an
ordinance may be continued even if the use is nonconforming
under the ordinance; the policy of the state is against the
extension or enlargement of nonconforming uses and zoning
regulations should be strictly construed with respect to expan-
sion; it is the policy of the state and its communities that uses
of property not conforming to municipal zoning ordinances be
gradually eliminated (MCL 125.286; MSA 5.2963[16]).

3. ZONING — NONCONFORMING USES.

The construction of a new building is not an enlargement or
extension of a nonconforming use where the building serves a
whole new use different from that of the existing structures on
the land, which are a nonconforming use, and the new building
is a completely separate structure; it is not possible to enlarge
or extend that which does not exist.

4. NUISANCE — ZONING — NUISANCE PER SE.

The use of land in violation of local ordinance is a nuisance per
se (MCL 125.294; MSA 5.2963[24]).

5. ZONING — NUISANCE — EQUITY — ABATEMENT.

A plaintiff is not deprived of his right to equitable relief, such as
removal of a nonconforming building, by the fact that the
defendant constructed the building, which is a nonconforming
use, in reliance on a building permit issued in violation of the
applicable zoning ordinance; the plaintiff is not required to
show the existence of a nuisance in fact or irreparable harm
resulting from the maintenance of the nuisance; a court shall
order that a nuisance per se, such as a building erected in

violation of a local ordinance, shall be abated (MCL 125.294; MSA 5.2963[24]).

*Kohl, Secrest, Wardle, Lynch, Clark & Hampton* (by *John M. Donohue*), for plaintiffs.

*McShane & Bowie* (by *Terry J. Mroz*), for Cascade Hills Country Club.

*Varnum, Riddering, Schmidt & Howlett* (by *Randall W. Kraker* and *Matthew D. Zimmerman*), for the Grand Rapids Township Building Inspector and Supervisor.

Before: SULLIVAN, P.J., and MACKENZIE and G. SCHNELZ,* JJ.

G. SCHNELZ, J. Plaintiffs appeal as of right from the circuit court's orders dismissing plaintiffs' complaint to enjoin the erection by defendant Cascade Hills Country Club of a maintenance building and affirming a decision of the Grand Rapids Township Board of Zoning Appeals (BZA) determining that the maintenance building was a lawful extension of a nonconforming use.

Plaintiffs have owned a house located at 3864 Cascade Road for over twenty years. Directly across the street from plaintiffs' home is the Cascade Hills Country Club. Since 1922, Cascade Hills has operated a golf course on approximately three thousand feet of frontage along Cascade Road. Pursuant to a Grand Rapids Township zoning ordinance adopted July 17, 1979, the Cascade Hills golf course became located within an R-1 single family residential and agricultural district. With adoption of the zoning ordinance, Cascade Hills continued as a nonconforming use.

On October 30, 1985, plaintiff Frederick High,

* Circuit judge, sitting on the Court of Appeals by assignment.

returning home from work, noticed that Cascade
Hills had begun erecting a maintenance shed in
his line of view across Cascade Road. The following
morning, High went to Grand Rapids Township
Hall and inquired of the township supervisor
about the construction. The supervisor advised
High that Cascade Hills had applied for and re-
ceived a permit to construct the maintenance
building.

On October 31, 1985, plaintiffs filed their com-
plaint seeking to enjoin the erection of the build-
ing which plaintiffs contended was both in viola-
tion of applicable zoning ordinances and a nui-
sance. The circuit court denied plaintiffs' request
for a preliminary injunction. A short time later,
Cascade Hills completed erection of the building.

In February, 1986, High requested from the BZA
an interpretation of certain provisions of the
Grand Rapids Township zoning ordinance. The BZA
determined, in pertinent part, that the mainte-
nance building was a lawful extension of an exist-
ing nonconforming use and that certain require-
ments contained in the zoning ordinance pertain-
ing to front-yard set-back distances were not appli-
cable in this case.

Plaintiffs filed a delayed claim of appeal from
the BZA's decision. The appeal was consolidated
with plaintiffs' circuit court action. On November
25, 1986, following a bench trial, the circuit court
dismissed plaintiffs' complaint and affirmed the
decision of the BZA.

The first issue raised on appeal is whether the
trial court erred in finding that erection of the
maintenance building was a permitted extension
of a nonconforming use. Section 18.4 of the Grand
Rapids Township zoning ordinance provides:

> No nonconforming use of any land or structure

shall hereafter be enlarged or extended, except that an enlargement or extension may be made of up to 50 percent of the floor area of the existing building or buildings devoted to a nonconforming use, provided that such extension or enlargement is made on adjoining land within the same block which was owned by the owner of the nonconforming use at the time this Ordinance becomes effective. No nonconforming building or structure shall be moved in whole or in part to another location unless such building or structure and the off-street parking spaces, yard and other open spaces there provided conform to all the regulations of that district.

When construing the provisions of a zoning ordinance, this Court seeks to discover and give effect to the legislative intent. *Macenas v Village of Michiana,* 160 Mich App 72, 77; 407 NW2d 634 (1987), lv gtd 430 Mich 858 (1988). A zoning board of appeals has the authority to interpret a zoning ordinance which it administers. *Id.* Our review is de novo, but we accord great weight to the findings of the trial court and zoning board of appeals due to their opportunity to see and hear the witnesses. *Id.* The standard for granting appellate relief is whether our review of the record convinces us that we would have reached a different result had we sat as the trial court or zoning board of appeals. *Id.* In this case, we are convinced from our review of the record that the BZA's interpretation of § 18.4 is erroneous.

A use which is lawful at the time of the enactment of an ordinance may be continued even if the use is nonconforming under the ordinance. MCL 125.286; MSA 5.2963(16). However, it is the policy of this state and its communities that uses of property not conforming to municipal zoning ordinances be gradually eliminated. *Madison Heights v Manto,* 359 Mich 244, 248-249; 102 NW2d 182

(1960). This policy is explained in *Norton Shores v Carr,* 81 Mich App 715, 720; 265 NW2d 802 (1978), lv den 403 Mich 812 (1978):

> Expansion of a nonconforming use is severely restricted. One of the goals of zoning is the eventual elimination of nonconforming uses, so that growth and development sought by ordinances can be achieved. Generally speaking, therefore, nonconforming uses may not expand. *Fredal v Forster,* 9 Mich App 215; 156 NW2d 606 (1967); *Hillsdale v Hillsdale Iron & Metal Co, Inc,* 358 Mich 377; 100 NW2d 467 (1960). The policy of the law is against the extension or enlargement of nonconforming uses, and zoning regulations should be strictly construed with respect to expansion.

In the present case, § 18.4 severely restricts the "enlargement or extension" of a nonconforming use. In several respects, the maintenance building complies with the ordinance. The floor area of the maintenance building does not exceed fifty percent of the area of the buildings which existed on the Cascade Hills golf course in 1979. The maintenance building is located on adjoining land and on the same block as the main clubhouse. However, we note that the maintenance building is completely separate from and not physically attached to the main clubhouse or to any other Cascade Hills accessory building.

In *Cole v Battle Creek,* 298 Mich 98; 298 NW 466 (1941), the plaintiff sought to extend a nonconforming use of his property through construction of two new wings onto the main building which housed plaintiff's retail greenhouse business. The relevant zoning ordinance allowed "structural alterations" of a nonconforming use subject to certain specifications. Our Supreme Court construed the ordinance to prohibit the erection of new

nonconforming buildings or additions to existing nonconforming buildings:

> As used in this ordinance, the word "alteration" means a change in that which already exists, for it is impossible to alter that which does not exist. If plaintiff merely wanted to install a new front on an existing building, such as was done in *Paye v City of Grosse Pointe,* 279 Mich 254 [271 NW 826 (1937)], that might be a permissible alteration. But the erection of two new additions is not a structural alteration of an existing building. The test applied by the trial judge, i.e., comparison of square feet, would permit an almost indefinite continuance of a nonconforming use by periodic rebuilding, such as the tearing down of old structures and building of new ones provided slightly less floor space was included in the rebuilt structure.
>
> *Austin v Older,* 283 Mich 667 [278 NW 727 (1938)], is almost directly in point. We there held that the structural changes and additions which Older contemplated would constitute a prohibited extension of a nonconforming use. The continuation of a nonconforming use in this zoning ordinance is designed to avoid the imposition of hardship upon the owner of property, but the limitations upon such use contemplate the gradual elimination of the nonconforming use.
>
> Plaintiff's petition contemplates structural alterations in and additions to the Wendell street building which are not permitted by the terms of paragraph 2 of section 7 of the ordinance.
>
> The court erred in holding that a building permit should issue. [*Cole, supra,* pp 103-104.]

We find the language of § 18.4 of the Grand Rapids Township zoning ordinance to be substantially similar to that of the ordinance construed by the Supreme Court in *Cole.* As with "alter," it is impossible to "enlarge" or "extend" that which does not exist. Here, the structure serves a whole

new use different from that of the existing structures and, moreover, is a completely separate structure. Thus, the building is not an "enlargement or extension" of a nonconforming use. We therefore find defendants' construction violative of the ordinance. To hold otherwise would permit a result contrary to the public policy of gradually eliminating nonconforming uses. *Manto, supra.* Accordingly, we reverse the trial court's order affirming the BZA's determination that construction of the maintenance building was permitted by § 18.4.

Plaintiffs also contend that the maintenance building is a nuisance per se and that they are entitled to an abatement of the nuisance. We agree. Use of land in violation of local ordinance is a nuisance per se. MCL 125.294; MSA 5.2963(24); *Independence Twp v Eghigian,* 161 Mich App 110, 114; 409 NW2d 743 (1987), lv den 429 Mich 872 (1987). Similarly, § 19.5 of the Grand Rapids Township zoning ordinance provides:

> Any building erected, altered, raised or converted, or any use of land or structure carried on in violation of any provision of this ordinance is hereby declared to be a nuisance per se.

The fact that defendant Cascade Hills constructed the maintenance building in reliance on an issued building permit does not deprive plaintiffs of their right to equitable relief where the issuance of the permit was in violation of the ordinance. See *Jones v DeVries,* 326 Mich 126, 135-139; 40 NW2d 317 (1949). We note that plaintiffs promptly sought to enjoin defendants from erecting the structure and that defendants proceeded at their own risk. Plaintiffs are not required to show the existence of a nuisance in fact

or irreparable harm resulting from the maintenance of the nuisance. *Independence Twp v Skibowski,* 136 Mich App 178, 184; 355 NW2d 903 (1984), lv den 422 Mich 853 (1985); *Bruggeman v Minster,* 42 Mich App 177; 201 NW2d 344 (1972), lv den 388 Mich 780 (1972).

MCL 125.294; MSA 5.2963(24) additionally provides that a court shall order that a nuisance per se, such as a building erected in violation of a local ordinance, shall be abated. Plaintiffs are accordingly entitled to such relief. We therefore reverse the judgment of no cause of action on plaintiffs' complaint and remand this case to the circuit court for entry of an order in accordance with this opinion.

Reversed and remanded.