## TOWNE v HARR

Docket No. 113632. Submitted February 7, 1990, at Grand Rapids. Decided August 22, 1990.

Henry Towne and others brought an action in Cass Circuit Court seeking to have the pole barn on the property of Dennis G. and Sherrie D. Harr abated as a public nuisance on the basis that the building was erected in violation of the township zoning ordinance. The Porter Township Board and the Porter Township Zoning Administrator were named as defendants in addition to the Harrs. The Harrs brought a cross-claim against the township board and township zoning administrator and a third-party claim against the Township of Porter. The trial court, Michael E. Dodge, J., found that plaintiffs had standing to institute an action to abate a public nuisance, found the pole barn to be a public nuisance, and ordered abatement of the same. The Harrs appealed.

The Court of Appeals *held:*

Private citizens have standing to institute an action for abatement of a public nuisance where there is a showing that they suffered damages of a special character distinct and different from the injury suffered by the public generally. Since there was no such showing here, plaintiffs lacked standing to bring the abatement action.

Reversed.

NUISANCE — ABATEMENT OF NUISANCE — PARTIES — STANDING TO SUE.

A private citizen has standing to bring an action to abate a public nuisance upon a showing that the private citizen has suffered damages of a special character distinct and different from the injury suffered by the public generally; the statute rendering buildings erected in violation of local zoning ordinances nuisances per se neither vitiates the right of private citizens to

REFERENCES

Am Jur 2d, Nuisances §§ 254, 255, 260-263.

What constitutes special injury that entitles private party to maintain action based on public nuisance— modern cases. 71 ALR4th 13.

abate public nuisances nor relieves the private citizen of showing special damages (MCL 125.294; MSA 5.2963[24]).

*French & Lawrence* (by *Daniel H. French* and *Thomas M. Canny*), for plaintiffs.

*Stone, Campbell & Schofield* (by *C. F. Schofield*), for defendants Harr.

Before: CAVANAGH, P.J., and MCDONALD and MARILYN KELLY, JJ.

MCDONALD, J. Defendants Dennis and Sherrie Harr appeal as of right from an October 24, and December 8, 1988, circuit court opinion and order finding plaintiffs, as private property owners, proper parties to institute an action to abate a public nuisance stemming from the Harrs' erection of a . pole building in violation of local zoning ordinances and ordering abatement of the same. We reverse.

Although the Harrs raise several issues on appeal, we find one issue dispositive. The Harrs claim private citizens, such as the instant plaintiffs, have no standing to secure an abatement of a nuisance per se under the Township Rural Zoning Act where the citizens cannot prove special damages. We agree.

The use of land in violation of local ordinances constitutes a nuisance per se, MCL 125.294; MSA 5.2963(24).[1] This statute further provides that the township board enacting the ordinances *shall* administer and enforce the same and that the court

---

[1] Uses of land . . . in violation of local ordinances or regulations adopted under the authority of this act are a nuisance per se. The court shall order the nuisance abated and the owner or agent in charge of the dwelling, building, structure, tent, trailer coach, or land is guilty of maintaining a nuisance per se. The township board shall in the ordinance enacted under this act designate the proper official or officials who shall administer and enforce that ordinance and provide penalties for the violation of the ordinance.

*shall* order such nuisance abated. Thus, pursuant to the statute, any violation of a local township zoning ordinance constitutes a nuisance per se and is to be ordered abated by the court upon an action being brought by the officials designated to administer and enforce the ordinance.

Given the purpose for which zoning ordinances are enacted and enforced, we believe a nuisance arising from the violation of the same must by its very nature constitute a "public" nuisance. Generally, a public nuisance gives no right of action to an individual and must be abated by the appropriate public officer. However, our Supreme Court has long recognized the propriety of private citizens bringing actions to abate public nuisances, arising from the violation of zoning ordinances or otherwise, when the individuals can show damages of a special character distinct and different from the injury suffered by the public generally. *Morse v Liquor Control Comm,* 319 Mich 52; 29 NW2d 316 (1947); *Plassey v S Lowenstein & Son,* 330 Mich 525; 48 NW2d 126 (1951). Enactment of MCL 125.294; MSA 5.2963[24], rendering buildings erected in violation of local zoning ordinances nuisances per se, does not vitiate a private individual's longstanding right to bring an action to abate a public nuisance. *Indian Village Ass'n v Shreve,* 52 Mich App 35; 216 NW2d 447 (1974). Instead, the statute's designation of all buildings erected in violation of local ordinances as nuisances per se .reduces the quantity of proofs required of an individual to prove a public nuisance, as the existence of the nuisance may be established merely by showing a violation of the ordinance. Thus, individuals need not prove a nuisance in fact, as the zoning violation renders the building a nuisance per se. *Bruggeman v Minster,* 42 Mich App 177;

201 NW2d 344 (1972); *Indian Village, supra.* However, contrary to plaintiffs' assertions on appeal, neither *Bruggeman* nor *Indian Village* relieves an individual bringing suit to abate a public nuisance . from the burden of proving special damages. Any such attempt by this Court to do so would necessarily fail, as an individual's proof of special damages has been a longstanding requirement under Michigan's common law, dating back at least as far as 1872. See *Clark v Lake St Clair & New Up-River Ice Co,* 24 Mich 508 (1872), see also *Morse, supra,* and *Plassey, supra.*

In the instant case the trial court's findings indicate plaintiffs failed to prove special damages resulting from the Harrs' violation of the zoning ordinance. Plaintiffs therefore had no standing to bring the instant suit to abate the nuisance, and the trial court's order granting plaintiffs said relief must be vacated.

Although it is seemingly unjust to deny the plaintiffs standing to seek abatement of the instant nuisance, we note that plaintiffs are not without recourse. However, plaintiffs' recourse must be achieved through their township officials who under the statute are given no discretion but to enforce the local zoning ordinances.

Reversed.