# STATE OF MICHIGAN

# COURT OF APPEALS

EDWARD H. GREEN TRUST,

        Plaintiff-Appellant/Cross-Appellee,

v

MARTIN W. JOSEPH,

        Defendant-Appellee/Cross-
        Appellant.

and

CITY OF SAUGATUCK,

        Defendant.

UNPUBLISHED
February 2, 2016

No.  324404
Allegan Circuit Court
LC No.  13-051973-CH

Before:  BECKERING, P.J., and GLEICHER and M. J. KELLY, JJ.

PER CURIAM.

This is a dispute between neighboring landowners over the height and characteristics of a fence constructed on the property of defendant, Martin W. Joseph,[1] which runs along the border of property belonging to plaintiff, Edward H. Green Trust.  Plaintiff appeals as of right the trial court's October 10, 2014 order dismissing its complaint and granting summary disposition to defendant.  On cross-appeal, defendant challenges the trial court's denial of his motion for sanctions.  In both instances, we affirm the trial court's ruling.

## I.  PERTINENT FACTS AND PROCEDURAL HISTORY

Plaintiff's property is immediately adjacent to the waterfront of Kalamazoo Lake in Saugatuck and adjoins defendant's property on one side.  In the fall of 2010, defendant obtained a permit to construct a fence on his property near the border between his and plaintiff's property,

---

[1] Although both the City of Saugatuck and Martin W. Joseph are listed as defendants, we use the term "defendant" to refer to Joseph because he is the only appellee.  We will refer to the City as simply "the City."

-1-

and later constructed the fence that is at issue on this appeal. In 2011, after a concern was raised by "the neighbor,"[2] that the fence did not meet zoning requirements with regard to opaqueness, defendant modified the fence to comply with the pertinent zoning ordinance and received approval from city officials. In 2012, plaintiff's counsel contacted the City Zoning Administrator and argued that defendant's fence violated certain zoning ordinance requirements. According to plaintiff, the fence, which measured a few inches over four feet in various spots, as measured from plaintiff's side of the fence, violated the city zoning ordinance.[3] Plaintiff sought a determination from the City's Zoning Administrator on how to measure fence height. Specifically, plaintiff sought clarification on whether the fence should be measured from defendant's property or from plaintiff's property. The Zoning Administrator disagreed with plaintiff's position that fence height was to be measured from the property with a higher elevation.

After the Zoning Administrator rejected plaintiff's argument about where to measure fence height, plaintiff filed an appeal with the City's Zoning Board of Appeals (ZBA). Plaintiff contended that a fence should be measured by reference to the outside terrain, rather than the property on which the fence sits. According to plaintiff, when measuring by this method, defendant's fence was over 4 feet tall, in violation of local zoning ordinances. Plaintiff also argued that defendant's fence did not meet opaqueness requirements in the zoning code in that it "is not built out of a material with a minimum ratio of one part open to six parts solid material."[4]

On November 1, 2012, the City's Zoning Administrator wrote a memorandum to the ZBA and addressed plaintiff's challenges. The memorandum stated that plaintiff applied to the ZBA "for an interpretation of the Zoning Administrator regarding the height of the fence installed at" defendant's property. The memorandum noted that the current zoning regulations do "not provide standards on how the height [of a fence] is to be measured." In a section labeled "Background," the memorandum revealed the various challenges that had been raised to defendant's fence since its construction in 2010. After the fence was constructed in 2010, inspected, and "the file was closed," "the neighbor"[5] raised a concern that the fence did not meet certain openness/opaqueness requirements in the zoning ordinances. After that challenge, the fence was modified and approved by the City. Later, "the neighbor at [plaintiff's property]" contended that the fence was more than 4 feet tall when measured from plaintiff's property. Inspection by the City revealed that the fence measured "more than four feet" on plaintiff's side of the property, but "right at four feet in height" on defendant's side of the property line. The

---

[2] Although "the neighbor" was not specifically named in the pertinent lower court record, it appears that "the neighbor" was a resident of "111 Park Street," which is plaintiff's property.

[3] Saugatuck Ordinance, § 154.143(F)(7)(a) provides "Fencing shall be wrought iron, open mesh, chain link, lattice, slatted or similar type of fencing provided that a minimum ratio of one part open space to six parts solid material is maintained."

[4] Saugatuck Ordinance, § 154.143(F)(7)(b) provides "Fences located within 25 feet of the shore of any lake, river or stream shall not be greater than four feet in height."

[5] As referenced earlier, it appears that "the neighbor" was a resident of plaintiff's property.

memorandum further stated that any determination by the ZBA "will not require the fence in question to be modified," and that because "the permit was issued and [the] fence was modified more than 21 days ago [the time for appealing decisions by the Zoning Administrator per Saugatuck Code, § 154.171(B)], the aggrieved party cannot appeal the decision" regarding the appropriateness of the fence. The memorandum concluded by rejecting plaintiff's proposed method of measuring fence height.

On November 8, 2012, the ZBA held a public hearing at which plaintiff's counsel appeared and argued. The notice for the public hearing stated that plaintiff was requesting "an interpretation on the appropriate method to measure the height of a fence." Following the hearing, the ZBA unanimously adopted an amendment to the zoning ordinances which stated that fence height should be measured "from the base of the fence at the property line of the applicant" for the fence. In addition, the meeting minutes from the public hearing noted that a motion was made, and unanimously adopted, that the Zoning Administrator's interpretation of the pertinent zoning ordinance as it related to defendant's fence "was correct and that the fence at [defendant's property] was 4 feet tall at the time of construction."

On July 5, 2013, plaintiff filed the circuit court complaint that initiated the instant action, naming defendant and the City as defendants. Plaintiff alleged that defendant's fence violated Saugatuck Ordinance, § 154.143(F)(7)(b), because it was located within 25 feet of the shoreline of Kalamazoo Lake and it was more than four feet in height, and that the fence violated Saugatuck Ordinance § 154.143(F)(7)(a), because it did not meet opaqueness requirements of having one open part for every six parts of solid material. Moreover, the complaint alleged that the zoning ordinances specify that a hedge[6] used as a screen is to be considered a fence for purposes of the ordinance requirements, and that certain hedges on defendant's property violated the height requirements for fences. Count I of the complaint was labeled "Request for Superintending Control" and alleged that, despite plaintiff's requests for the City to enforce the zoning ordinances against defendant, the City failed to take any action against defendant. Count II of the Complaint alleged that defendant's fence "unreasonably interferes with Plaintiff's use and enjoyment of the Plaintiff's property," and that the fence and hedges violated the City's fencing regulations as set forth in the zoning ordinance. Plaintiff asked the trial court to enter an order abating the nuisance by ordering defendant to demolish his fence and hedges.

For reasons not pertinent to this appeal, plaintiff eventually dismissed the City from the action with prejudice in January 2014. In February 2014, defendant moved for summary disposition and requested sanctions. After rejecting plaintiff's arguments that the fence constituted a nuisance in fact,[7] the trial court concluded that plaintiff did not have any viable

---

[6] Although not cited in the complaint, Saugatuck Ordinance, § 154.143(F)(3) states that "A hedge used as a fence or screen shall be considered a fence for purposes of this chapter." According to the ordinance, a "hedge" is a "row of bushes or shrubs used as a fence." Saugatuck Ordinance, § 154.005.

[7] On appeal, plaintiff expressly abandons any argument that the fence constituted a nuisance in fact.

nuisance per se claims based on alleged zoning ordinance violations. The court first concluded that any claims about the fence and "bushes" were decided by the ZBA "which earlier upheld the Zoning Administrators [sic] determination that the fence and bushes did not offend against the ordinance when measured from in the location and manner deemed appropriate by the ZBA." Because plaintiff failed to timely appeal that determination, the trial court determined that plaintiff failed to exhaust its administrative remedies, and, that accordingly, the trial court lacked subject-matter jurisdiction to review the decision of the ZBA. In addition, the trial court denied defendant's request for sanctions.

## II. SUMMARY DISPOSITION

"We review de novo a trial court's decision on a motion for summary disposition." *AFP Specialties, Inc v Vereyken*, 303 Mich App 497, 503; 844 NW2d 470 (2014). The trial court's order granting summary disposition in this case cited MCR 2.116(C)(1), (C)(8), and (C)(10). As the driving force for its decision, the trial court found that summary disposition was appropriate because it lacked subject-matter jurisdiction. Lack of subject-matter jurisdiction falls under MCR 2.116(C)(4). Nevertheless, "an order granting summary disposition under the wrong subrule may be reviewed under the correct rule." *Limbach v Oakland Co Bd of Rd Commrs*, 226 Mich App 389, 395 n 3; 573 NW2d 336 (1997). In addition, "[w]hether the trial court has subject-matter jurisdiction is a question of law that this Court reviews de novo." *Citizens for Common Sense in Gov't v Attorney General*, 243 Mich App 43, 50; 620 NW2d 546 (2000).

### A. THE TRIAL COURT HAD SUBJECT-MATTER JURISDICTION

The trial court answered in the negative the question of whether defendant's "fence and bushes" violated pertinent zoning ordinances and thus constituted a nuisance per se because it found that the ZBA decided this matter, and plaintiff's failure to timely appeal that determination deprived the court of subject-matter jurisdiction. We have held that "[s]ummary disposition for lack of jurisdiction under MCR 2.116(C)(4) is proper when a plaintiff has failed to exhaust its administrative remedies." *Id.* The Michigan Zoning Enabling Act, MCL 125.3101 *et seq.*, authorizes a local unit of government to create its own zoning board of appeals, MCL 125.3601, and sets forth the authority and duties of the board, MCL 125.3603, as well as the procedures for bringing matters before the board, MCL 125.3604. In addition, MCL 125.3606(1) provides that "[a]ny party aggrieved by a decision of the zoning board of appeals may appeal to the circuit court for the county in which the property is located." Such an appeal is to be filed either: (1) within 30 days after the ZBA issues its decision; or (2) within 21 days after the ZBA approves the minutes of its decision, whichever deadline comes first. MCL 125.3606(3). The failure to timely file an appeal deprives the circuit court of subject-matter jurisdiction. See *Krohn v Saginaw*, 175 Mich App 193, 196-197; 437 NW2d 260 (1988).

Here, although plaintiff filed its circuit court complaint well beyond 30 days from the time the ZBA approved its meeting minutes, we agree with plaintiff that the trial court had subject-matter jurisdiction over plaintiff's claims. The issue before the ZBA was *how* to measure fence height. While plaintiff complained about other zoning ordinance violations— namely, the height of the fence and the opaqueness/openness requirements—the only issue that was decided by the ZBA was *how* to measure the height of a fence. In its circuit court complaint, plaintiff did not challenge the ZBA's determination regarding how to measure the

-4-

height of the fence. Rather, plaintiff raised three challenges: (1) the fence was too tall; (2) the fence was too opaque; and (3) the alleged "hedges" on defendant's property were a fence and were too tall.[8] Accordingly, any failure by plaintiff to timely file an appeal in the circuit court of the ZBA's November 8, 2012 decision under the timing requirements set forth under MCL 125.3606(3) did not deprive the circuit court of subject-matter jurisdiction in this case.

Moreover, we note that plaintiff's circuit court action alleged that defendant's fence constituted a nuisance per se for the three alleged zoning ordinance violations noted above. The violation of a zoning ordinance is, under MCL 125.3407, a nuisance per se. As this Court recognized in *Towne v Harr*, 185 Mich App 230, 232; 460 NW2d 596 (1990), this Court and our Supreme Court have "long recognized the propriety of private citizens bringing actions to abate public nuisances, arising from the violation of zoning ordinances . . . ." See also *Cloverleaf Car Co v Phillips Petroleum Co*, 213 Mich App 186, 190; 540 NW2d 297 (1995) ("A private citizen may file an action for a public nuisance against an actor where the individual can show he suffered a type of harm different from that of the general public."). In addition, the Revised Judicature Act, broadly states that "*[a]ll claims* based on or to abate nuisance *may be brought in the circuit court*. The circuit court may grant injunctions to stay and prevent nuisance." MCL 600.2940(1) (emphasis added). Here, plaintiff brought a claim to abate an alleged nuisance per se, based on three violations of the City's zoning ordinances. As such, the trial court erred in finding that it lacked subject-matter jurisdiction in this instance.

## B. ZBA DECISION DID NOT BAR THE COMPLAINT

Because of our conclusion that the ZBA did not actually decide the issues raised in plaintiff's complaint, we reject any argument that the ZBA decision precluded the filing of the circuit court complaint under the doctrine of collateral estoppel. See *Leahy v Orion Twp*, 269 Mich App 527, 530; 711 NW2d 438 (2006) (describing the doctrine, including that the matter which is sought to be precluded was actually litigated in a prior action). Further, while the trial court cited the doctrine of res judicata based on the ZBA appeal, we find that the doctrine was inapplicable in this case because of a lack of mutality. See *TBCI, PC v State Farm Mut Auto Ins Co*, 289 Mich App 39, 43; 795 NW2d 229 (2010) (describing the elements of res judicata).

## C. SUMMARY DISPOSITION WAS NEVERTHELESS APPROPRIATE

Nevertheless, based on the record before us, we conclude that the trial court reached the correct result in granting summary disposition, and we affirm the trial court's order, albeit for different reasons. See *Lavey v Mills*, 248 Mich App 244, 250; 639 NW2d 261 (2001). When defendant moved for summary disposition before the trial court, he did so, among other reasons, under MCR 2.116(C)(10) (no genuine issue of material fact). A motion under MCR 2.116(C)(10) tests the factual sufficiency of a claim. *AFP Specialties, Inc*, 303 Mich App at 503. The trial court is to consider all evidence in a light most favorable to the nonmoving party, and

---

[8] With regard to the hedges in particular, it should be noted that plaintiff never raised any arguments before either the Zoning Administrator or the ZBA about the height of the hedges; the first mention of the hedges was in plaintiff's complaint filed in the circuit court.

"[w]hen the submitted evidence fails to establish a genuine issue regarding any material fact, and the undisputed facts establish that the moving party is entitled to judgment as a matter of law, summary disposition is appropriately granted." *Id.* at 504.[9]

Here, based on the documentary evidence submitted, there is no genuine issue of material fact that defendant's fence does not violate the City's zoning ordinances in any of the ways alleged by plaintiff. As to the height of the fence, Saugatuck Ordinance, § 154.143(F)(7)(b), states that a fence located within 25 feet of any shoreline must "not be greater than four feet in height." There is simply no evidence in the record that defendant's fence exceeds this height. Notably, the record reveals that the Zoning Administrator stated that the fence measured 4 feet at the time of its construction in 2010, and that, when plaintiff first began challenging the height of the fence in 2012, the fence measured "right at four feet in height on [defendant's] side of the property line." In addition, plaintiff's complaint never alleged that the fence changed in any way after its construction, nor did plaintiff allege[10]—much less provide documentary evidence in support—that the ground underneath the fence moved such that the fence was now somehow taller than four feet. The only evidence that plaintiff provided in support of its claim was a few photographs of the fence, along with a survey. Despite what plaintiff represents in its reply brief, these exhibits do not offer any clarity as to the height of the fence *on defendant's side of the property*, which is the pertinent side of the property for measuring the fence, per the City's zoning ordinances. Indeed, the photographs merely show the top of a tape measure with a measurement over four feet. However, none of the photographs show the bottom of the tape measure, i.e., they do not show whether the person holding the tape measure is holding the bottom of the tape measure at the bottom of the fence. More importantly, there is no indication from the photographs, beyond plaintiff's bald assertions in its reply brief, that the tape measure, even assuming it is being held in the manner alleged by plaintiff, is even being applied to defendant's side of the fence. In short, the photographs provided no support for plaintiff's claims that the fence measures over four feet on defendant's side. Nor does the survey provide such support, as it simply shows the height of the fence *as measured from plaintiff's property*. This lack of support, in the face of documentary evidence stating that the height of the fence as measured from defendant's property is four feet, shows that there is no genuine issue of material fact concerning the height of the fence as measured from defendant's property. In other words, there is no genuine issue of material fact that the height of defendant's fence does not violate the height restrictions in § 154.143(F)(7)(b).

---

[9] Although defendant does not expressly make an argument under MCR 2.116(C)(10) on appeal, he nevertheless argues that the facts alleged by plaintiff fail to constitute a violation of the City's zoning ordinances. In addition, MCR 2.116(I)(1) provides that "[i]f the pleadings show that a party is entitled to judgment as a matter of law, or if the affidavits or other proofs show that there is no genuine issue of material fact, the court shall render judgment without delay." Accordingly, we find it appropriate to affirm the trial court's ruling under this subrule.

[10] In fact, plaintiff's reply brief expressly states that plaintiff "has not asserted that [defendant] changed the height of the fence after its construction . . . ."

As to the opaqueness of the fence, Saugatuck Code, § 154.143(F)(7)(a), provides that all fencing shall have a minimum ratio of "one part open space to six parts solid material . . ." if the fence is "slatted" or is a "similar type of fencing . . . ." Again, the documentary evidence in this case reveals no genuine issue of material fact. The Zoning Administrator stated that, in 2011, following a challenge from "the neighbor," the fence was inspected and modified, and, after modification, found to be in compliance with the opaqueness requirements. Plaintiff has not even alleged that the fence changed in character since that determination was made. Nor has plaintiff presented evidence to create a question of fact with regard to whether the fence changed in character. Plaintiff's brief points to photographs which depict a tape measure applied horizontally to one slat or multiple slats in the fence, but it is difficult to discern the significance of these photographs, and plaintiff offers no assistance in this regard. In total, there are four such photographs of only a few select sections. Perhaps it could be argued that these particular slats are too close together; however, there are only four photographs, and the ordinance speaks of the entire fence, not a few select portions. Plaintiff has not articulated how these photographs show that the entirety of the fence is not in compliance with the ordinance. This can hardly be said to create a question of material fact as to whether the entire fence contains the appropriate ratio for six parts solid material to one part open space.

Likewise, the survey that plaintiff commissioned does not change the equation. The survey notes that with regard to one small section of the fence, there is "NO OPEN SPACE BETWEEN VERTICAL BOARDS *AS VIEWED ALONG FENCE PLANE*." (Emphasis added). This does not create a genuine issue of material fact for two reasons. Firstly, the reference was only in regard to a small portion of the fence, not the entire fence. This does not indicate that the fence does not comply with the six-part- closed, one-part-open ratio mandated by the ordinance. Secondly, the survey only speaks about whether open space in that particular area could be viewed *along the fence plane*. It did not state that there was no open space. As such, plaintiff failed to present any documentary evidence in support of its claim. Therefore, in light of the Zoning Administrator's statement that the fence did not violate the ordinance in this regard when it was inspected in 2011, and in the absence of any evidence or accusations that the fence changed in the meantime, there is no genuine issue of material fact concerning whether the fence violates Saugatuck Code, § 154.143(F)(7)(a).

There is also no genuine issue of material fact with regard to whether any "hedge" on defendant's property violates the zoning ordinance as it applies to hedges. Saugatuck Ordinance, § 154.143(F)(3) states that "A hedge used as a fence or screen shall be considered a fence for purposes of this chapter." According to the ordinance, a "hedge" is a "row of bushes or shrubs used as a fence." Plaintiff submitted photographs which show plant growth of an unknown variety that clearly exceeds the height of the fence located on defendant's property. However, as defendant argues on appeal, there is no evidence in the record that the plant life could be considered a "hedge" or "row of bushes or shrubs," under the zoning ordinance. Indeed, plaintiff has not presented any argument or documentary evidence explaining what the plants are, and, based on the photographs provided, one can do no more than speculate as to whether the plants are shrubs, trees, bushes, or any other type of vegetation. Moreover, the photographs provide no indication that the vegetation is "used as a fence," as required by the zoning ordinance. In short, the photographs add virtually nothing to plaintiff's assertions that there are "hedges" on plaintiff's property that can be considered a "fence" that is too tall under the zoning ordinances.

As such, there is no genuine issue of material fact concerning whether any vegetation on defendant's property violates the zoning ordinances.

## III. CROSS-APPEAL

On cross-appeal, defendant argues the trial court erred when it denied his motion for sanctions for plaintiff having filed a frivolous complaint. "We review for clear error the circuit court's decision to impose sanctions on the ground that an action was frivolous within the meaning of MCR 2.625(A)(2) and MCL 600.2591." *Ladd v Motor City Plastics Co*, 303 Mich App 83, 103; 842 NW2d 388 (2013). "A decision is clearly erroneous where, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been made." *Kitchen v Kitchen*, 465 Mich 654, 661-662; 641 NW2d 245 (2002).

Whether a claim is frivolous and worthy of sanctions depends on the facts of the case. *Id.* at 662. Defendant contends that plaintiff's complaint was frivolous for all three of the reasons listed in MCL 600.2591(3)(a), which are:

(i) The party's primary purpose in initiating the action or asserting the defense was to harass, embarrass, or injure the prevailing party.

(ii) The party had no reasonable basis to believe that the facts underlying that party's legal position were in fact true.

(iii) The party's legal position was devoid of arguable legal merit.

Defendant argues that sanctions were warranted because, in light of the proceedings before the ZBA, it should have been apparent to plaintiff that the trial court lacked subject-matter jurisdiction and/or that the pertinent issues had already been litigated, such that the decision of the ZBA had preclusive effect. "Sanctions for bringing a frivolous action are warranted where the plaintiff, on the basis of a ruling in another case, has reason to believe that an action against the defendant lacks merit." *Holton v Ward*, 303 Mich App 718, 735; 847 NW2d 1 (2014) (citation and quotation marks omitted). However, as noted above, defendant's arguments were incorrect. Accordingly, there is no merit to defendant's arguments that plaintiff's complaint was frivolous. Moreover, we do not find clearly erroneous the trial court's conclusion that, in light of the photographs submitted, plaintiff's action was meritless, but not frivolous.

Affirmed.

/s/ Jane M. Beckering
/s/ Elizabeth L. Gleicher
/s/ Michael J. Kelly