HASS v CITY OF MENOMINEE

Docket No. 137861. Submitted October 10, 1991, at Marquette. Decided March 2, 1992, at 9:20 A.M.

Donald Hass brought an action in the Menominee Circuit Court against the City of Menominee, alleging that a landowner's use of property exceeded the nonconforming use variance granted that landowner under a zoning ordinance of the city and seeking a writ of mandamus to compel the city to enforce its ordinance. The court, Francis D. Brouilette, J., finding that the plaintiff had failed to seek review by the city's zoning board of appeals of the zoning administrator's decision not to take any action against the landowner, granted summary disposition for the city, but ordered its zoning board to conduct a hearing regarding the zoning administrator's decision. The city appealed.

The Court of Appeals *held:*

Pursuant to MCL 125.585(3); MSA 5.2935(3), a zoning administrator's decision regarding enforcement of a zoning ordinance is reviewable by the zoning board of appeals. Given the circumstances of this case, the trial court did not err in ordering the zoning board of appeals to review the zoning administrator's decision.

Affirmed.

GILLIS, P.J., dissenting in part, stated that a zoning administrator's decision regarding enforcement of a zoning ordinance first must be reviewed by the zoning board of appeals before review by a circuit court is proper. Therefore, the trial court in this case was without authority to order the zoning board of review to conduct a hearing, because the plaintiff failed to first seek a review by the board before bringing his action.

ZONING — ORDINANCES — ENFORCEMENT — ZONING ADMINISTRATORS — ZONING BOARDS OF APPEAL.

A municipal zoning administrator's decision regarding enforce-

REFERENCES

Am Jur 2d, Zoning and Planning §§ 249, 322, 328, 329, 331.

Remedies to compel municipal officials to enforce zoning regulations. 35 ALR2d 1135.

ment of a zoning ordinance is reviewable by the zoning board of
appeals (MCL 125.585[3]; MSA 5.2935[3]).

Donald Hass, in propria persona.

*Janis M. Burgess,* for the defendant.

Before: GILLIS, P.J., and MICHAEL J. KELLY and GRIBBS, JJ.

MICHAEL J. KELLY, J. Defendant appeals as of right from an order of the circuit court granting summary disposition in favor of defendant but granting partial relief in favor of plaintiff. We affirm.

Plaintiff filed this action in the circuit court, requesting that the court issue a writ of mandamus ordering defendant to enforce its zoning ordinance against a certain landowner. Plaintiff initially requested that defendant's zoning administrator enjoin the landowner from using his land in a manner beyond that authorized under an existent nonconforming use variance. The zoning administrator reviewed the landowner's use of his premises and concluded that the landowner was using his property in accordance with the variance. Apparently, defendant refused to take any further action regarding the matter. Plaintiff then filed this lawsuit, requesting that the trial court order defendant to enforce its zoning ordinance or, in the alternative, to order such other relief as is proper under the circumstances. The trial court held that the record was insufficient to serve as a basis for a decision on the merits and that the municipal zoning board of appeals was the proper forum in which to address the issue.

On appeal, defendant argues that zoning enforcement is discretionary and a zoning administrator's decision regarding such enforcement is not reviewable. We disagree. MCL 125.585(3); MSA 5.2935(3) provides, in part:

> The board of appeals shall hear and decide
> appeals from and review any order, requirements,
> decision, or determination made by an administra-
> tive official or body charged with the enforcement
> of an ordinance adopted under this act.

Therefore, plaintiff had the right to seek from the
zoning board of appeals review of the zoning ad-
ministrator's decision that the third-party land-
owner's use of his property did not violate the
zoning variance. Given the circumstances of this
case, the court did not err in ordering the munici-
pality's zoning board of appeals to review the
zoning administrator's decision.

Affirmed.

GRIBBS, J., concurred.

GILLIS, P.J. *(concurring in part and dissenting in
part).* I agree that a zoning administrator's deci-
sion regarding zoning enforcement is reviewable
by the zoning board of appeals. MCL 125.585(3);
MSA 5.2935(3). Further, I believe that the decision
of the zoning administrator must first be reviewed
by the zoning board of appeals before circuit court
review is proper. MCL 125.585(11); MSA
5.2935(11). In this case, plaintiff did not seek re-
view of the zoning administrator's decision with
the zoning board of appeals, and, therefore, the
circuit court was without authority to order defen-
dant to hold a hearing on plaintiff's request that
the third-party landowner be enjoined from using
his land in a particular manner.

I would affirm the trial court's order granting
defendant's motion for summary disposition. How-
ever, I would reverse that part of the trial court's
order that instructs defendant to conduct a hear-
ing on plaintiff's claims because the court was
without authority to enter such an order.