# Order

**Michigan Supreme Court**
**Lansing, Michigan**

March 7, 2008

133923

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

MARY C. KALLMAN and HIGGINS LAKE
PROPERTY OWNERS ASSOCIATION,
          Plaintiffs-Appellants,

v

SUNSEEKERS PROPERTY OWNERS
ASSOCIATION, L.L.C.,
          Defendant-Appellee.

SC: 133923
COA: 263633
Roscommon CC: 03-724042-CH

_____/

On order of the Court, the application for leave to appeal the February 1, 2007 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we REVERSE in part the judgment of the Court of Appeals and REMAND this case to the Roscommon Circuit Court for further proceedings.

The Court of Appeals erred when it reversed the trial court's holding regarding nuisance in fact. The trial court did not err when it concluded that the defendant's 184-foot dock, with six mooring sites on a piece of property with 25 feet of lake frontage, and its use of its property as a "keyhole" or "funnel" lot for its unlimited membership substantially interfered with plaintiff Kallman's use of her property, amounting to a nuisance in fact.

The Court of Appeals properly raised *sua sponte* the issue of the plaintiffs' standing to pursue their nuisance per se claim under MCL 125.294. See *Michigan Citizens for Water Conservation v Nestlé Waters North America Inc*, 479 Mich 280, 291-94 (2007) (discussing the importance of standing to the proper exercise of the judicial power); *People v Smith*, 420 Mich 1, 11 n 3 (1984). The plaintiffs, however, were not required to prove standing during or prior to trial absent a challenge by the defendant. See *Lujan v Defenders of Wildlife*, 504 US 555, 564 (1992) (noting that facts supporting standing must be produced at trial "if controverted"). When the trial court has not made findings with regard to standing because standing was never challenged in that court, the

proper course of action is to remand for a hearing on the issue of standing. See *Smith, supra* at 28-29. On remand, the plaintiffs must show that they have a substantial interest that would be detrimentally affected in a manner different from the citizenry at large. *Nestlé Waters, supra* at 294. Standing may be proven by showing that the "defendant's activities directly affected the plaintiff[s'] recreational, aesthetic, or economic interests." *Id*. at 296.

WEAVER, J., concurs and states as follows:

I concur only in the order reversing the Court of Appeals judgment and remanding this case to the trial court for further proceedings.

I write separately because I disagree with the order's discussion of the majority of four's (Chief Justice Taylor and Justices Corrigan, Young, and Markman) erroneously created standing test in *Lee v Macomb Co Bd of Comm'rs*,[1] *Nat'l Wildlife Federation v Cleveland Cliffs Iron Co*,[2] *Rohde v Ann Arbor Pub Schools*,[3] and *Michigan Citizens for Water Conservation v Nestlé Waters North America Inc*.[4] In those cases, the majority of four systematically dismantled Michigan's law on standing and replaced years of precedent with its own test that denies Michigan citizens access to the courts.[5]

On remand, I would ask the plaintiffs to show whether they have standing under the pre-*Lee* prudential test for standing by showing whether the plaintiffs can demonstrate "that the plaintiff's substantial interest will be detrimentally affected in a manner different from the citizenry at large." *House Speaker v State Administrative Bd*, 441 Mich 547, 554 (1993).

CAVANAGH, J., would deny leave to appeal.

---

[1] *Lee v Macomb Co Bd of Comm'rs*, 464 Mich 726 (2001).

[2] *Nat'l Wildlife Federation v Cleveland Cliffs Iron Co*, 471 Mich 608 (2004).

[3] *Rohde v Ann Arbor Pub Schools*, 479 Mich 336 (2007).

[4] *Michigan Citizens for Water Conservation v Nestlé Waters North America Inc*, 479 Mich 280 (2007).

[5] See my opinions chronicling the majority of four's assault on standing in *Lee*, 464 Mich at 742; *Nat'l Wildlife*, 471 Mich at 651; *Rohde*, 479 Mich at 366; and *Michigan Citizens*, 479 Mich at 310.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

March 7, 2008

_____
Clerk

p0304